**Thomas H. BIRKINSHAW, et al.**

v.

**ARMSTRONG WORLD INDUSTRIES, INC., et al.**

Civ. A. No. 89–4323.

United States District Court, E.D. Pennsylvania.

June 23, 1989.

Laurence H. Brown, Philadelphia, Pa., for plaintiffs.

Ellen Brown Furman, Philadelphia, Pa., for Asbestos Corp. Ltd.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

This asbestos case was removed from the Philadelphia Court of Common Pleas by defendant Asbestos Corporation Limited under authority of 28 U.S.C. § 1441(d). Section 1441(d) states: "Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending." Section 1603 states in pertinent part:

(a) A "foreign state" ... includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

(b) An "agency or instrumentality of a foreign state" means any entity—

(1) which is a separate legal person, corporate or otherwise, and

(2) ... a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof....

In its petition defendant states that the majority of Asbestos Corporation Limited is owned by the province of Quebec.

Thus, it appears from the petition of the defendant that it should have the benefit of removal under § 1441(d). However, the question to be addressed in this memorandum is whether there is a basis for jurisdiction in this court over the other defendants in this action. The court has an obligation *sua sponte* to examine whether or not it has subject matter jurisdiction. *Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977).

■ It appears from the plaintiff's complaint that some of the defendants are Pennsylvania corporations, therefore jurisdiction can not be based on diversity of citizenship. In the case of *Finley v. United States*, —— U.S. ——, 109 S.Ct. 2003, 2010, 104 L.Ed.2d 593 (1989) the Supreme Court held that the federal courts were not authorized to exercise pendent party jurisdiction. The idea of pendent party jurisdiction existed as a concept analogous to pendent claim jurisdiction. In pendent claim jurisdiction a federal court is authorized to exercise jurisdiction over all the claims that a plaintiff may have against a defendant, as long as there is federal question jurisdiction as to one substantial claim, the claims would be ordinarily tried together and all the claims arise from "a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). In *Finley* the Supreme Court held that Congress has not authorized the federal courts to exercise jurisdiction over defendants against whom there is no independent basis for federal jurisdiction, even when joined in a suit with a defendant the court does have subject matter jurisdiction over. That is exactly the situation we face here.

Since defendant Asbestos Corporation Limited does appear to have a right to be in federal court under 28 U.S.C. § 1441(d), the action against that defendant will be allowed to continue in this court. The case against the other defendants must be remanded to the Philadelphia Court of Common Pleas, because this court lacks subject matter jurisdiction over the claims against them.