**ADMIRAL INSURANCE COMPANY, et al.**

v.

**L'UNION des ASSURANCES de PARIS INCENDIE ACCIDENTS.**

**Civ. A. No. 90–7518.**

United States District Court, E.D. Pennsylvania.

March 7, 1991.

### MEMORANDUM AND ORDER

WALDMAN, District Judge.

Presently before the court is a Joint Motion for Entry of Case Management Order filed by nine of the thirteen plaintiffs. Among other things, the movants seek an order allowing two years for discovery, precluding the filing of any motions for summary judgment for at least one year and imposing extra-legal conditions on the interview by any party of potential witnesses who are former employees or agents of any other party. The proposed 25–page order would regulate minutely everything from the days of the week and hours of the day in which depositions may be conducted to the selection of court stenographers.

The movants' rationale for such an order is that the suit involves over eighty parties and hundreds of insurance contracts spanning nearly a half century. Because the court has now remanded this case as to all but one defendant, the court does not foresee the need for such exhaustive and costly discovery or for such an extensive and intrusive case management order.

The movants maintain that when defendant L'Union des Assurances de Paris, an instrumentality of a foreign state pursuant to 28 U.S.C. § 1603(b), filed a removal petition pursuant to 28 U.S.C. § 1441(d), the entire case was properly removable to this court. In support of this proposition, they rely on two district court opinions that predate *Finley v. U.S.,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), as well as opinions by three judges of this court holding to the contrary.[1] The court is satisfied that in view of *Finley,* the language of the Foreign Sovereign Immunities Act (FSIA) and the four purposes for which it was enacted as expressly articulated in the legislative history, the seventy-nine defen-

---

1. *See Deptula v. Derr Flooring Co.,* 1990 WL 96635, 1990 U.S.Dist. LEXIS 8426 (E.D.Pa. July 6, 1990); *Mayerson v. Amity Travel, Ltd.,* 1990 WL 44701, 1990 U.S.Dist. LEXIS 4269 (E.D.Pa. April 12, 1990); *Birkinshaw v. Armstrong World Industries, Inc.,* 715 F.Supp. 126 (E.D.Pa.1989).

dants as to whom there is no independent basis for jurisdiction may not ride the foreign defendant's coattails into federal court.

The parties rely primarily on *Liberty Mutual Insurance Co. v. Insurance Corp. of Ireland*, 693 F.Supp. 340 (W.D.Pa.1988). The court in *Liberty Mutual* concluded that the objectives of Congress in enacting the FSIA would be frustrated if claims against foreign states but not their domestic co-defendants were litigated in federal court, and that pendent party jurisdiction should be exercised to avoid piecemeal litigation. *Id.* at 345, 347. The Supreme Court has expressly repudiated the latter rationale. *Finley,* 109 S.Ct. at 2010. Further, none of the four objectives of Congress in enacting the FSIA would be frustrated by limiting removal to foreign states and any other parties as to whom the court has an independent basis for jurisdiction.

The objectives of Congress were to:

(1) codify the principles of sovereign immunity as recognized in international law;

(2) free the State Department from case-by-case diplomatic pressure and ensure that immunity decisions would be made uniformly and on purely legal grounds;

(3) provide a procedure to serve and obtain jurisdiction over a foreign state; and,

(4) provide a means to enforce judgments against a foreign state.

H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. 32, U.S.Code Cong. & Admin.News 1976, pp. 6604, 6605–06. *See also Jackson v. Peoples Republic of China,* 794 F.2d 1490, 1493 (11th Cir.), *cert. denied,* 480 U.S. 917, 107 S.Ct. 1371, 94 L.Ed.2d 687 (1986); *Ruggiero v. Compania Peruana de Vapores,* 639 F.2d 872, 877 (2d Cir.1981); Wright, Miller & Cooper, Federal Practice

& Procedure: Jurisdiction 2d § 3662 at 381–387.

The court in *Liberty Mutual* also relied on the case of *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371 (5th Cir. 1980).[2] In addressing what was then a question of first impression, the court in *Arango* concluded that "the better interpretation" of § 1441(d) was that the entire case against all defendants follows a removing foreign state into federal court. *Id.* at 1375. The court acknowledged that the language of the statute does not address multi-party lawsuits and does not compel the interpretation it adopted. *Id.* at 1375–76. The court also acknowledged that a "substantial factor" supporting its interpretation is judicial economy, repudiated as a basis for invoking pendent party jurisdiction in *Finley. Id.* at 1376 n. 6.[3]

The court in *Arango* focused on the language in the House Report to the effect that a foreign state may remove an action even if there are co-defendants who do not wish to remove or are citizens of the forum state. *See* H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. 32, U.S.Code Cong. & Admin.News 1976, p. 6631. From this language, the court infers that Congress must have contemplated the removal of an entire case in which a foreign state is a defendant. The court then reads the language of the statute "[a]ny civil action ... against a foreign state" to mean any action in which a foreign state is a party. This court does not subscribe to such an inference or reading of § 1441(d).

The most logical inference to draw from a reading of the House Report is that Congress was not incorporating the impediments of § 1441(b) or § 1446(a) and (b) into § 6 of the FSIA. Such impediments could

---

**2.** In the other case cited by movants, the court also relied on *Arango* for its dictum that all parties follow a removing foreign state to federal court. The court's holding was that the Bahamian government was immune as a matter of law. The court dismissed the foreign state and remanded the case to state court. *See Tucker v. Whitaker Travel, Ltd.,* 620 F.Supp. 578 (E.D.Pa. 1985), *aff'd without op.,* 800 F.2d 1140 (3d Cir.), *cert. denied,* 479 U.S. 986, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986).

**3.** The court does not suggest that judicial economy is unimportant but simply that it cannot be used to justify the exercise of jurisdiction where none exists. It might also be noted that movants' interpretation of § 1441(d) could open the door to contrived federal jurisdiction through the addition of a tangential foreign defendant.

frustrate the stated purpose of Congress in enacting the law. Congress was simply providing that the unwillingness or inability of a co-defendant to join in removal would not bar a foreign state from doing so.

To preclude a domestic defendant who may but does not wish to remove an action from depriving a foreign state of access to the federal courts does not confer federal jurisdiction over defendants who would like to be in federal court but as to whom there is no other basis for jurisdiction. Congress knows how to say "without regard to the citizenship or residence of the parties" when it wants to. *See* 28 U.S.C. § 1441(b). Congress knows how to say that an "entire case" is removable when it desires to do so. *See* 28 U.S.C. § 1441(c).

Perhaps most significant, the court in *Arango* premised its conclusion on and analogized it to the power to remove an entire case against all parties where one is a Federal Tort Claims Act defendant. *Arango, supra* at 1376. This, of course, is a power that the Supreme Court in *Finley* later specifically held does not exist.[4]

As a leading authority has cautioned, all cases recognizing pendent party jurisdiction must be reexamined in view of *Finley. See* Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3567.2 (1990 supp.). There is no post-*Finley* case in which a court has upheld the removal of an action pursuant to § 1441(d) as to defendants over whom there was no independent basis for jurisdiction.

If one were to read the word "action" in the first sentence of § 1441(d) as meaning the entire case encompassing all claims, presumably one must read the word "action" in the second sentence of the section the same way. As such, many domestic parties would have their right to a jury trial extinguished because of the presence of a foreign instrumentality in the case. Because the court does not believe that Congress has mandated such a result or could do so consistent with the Seventh Amendment, it cannot read "action against a foreign state" to mean the entire case in which a foreign state happens to be a party. *See Rex v. Cia. Pervana de Vapores, S.A.,* 660 F.2d 61, 68–9 (3d Cir.1981), *cert. denied,* 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 441 (1982) (jury trial on claim against foreign state not required as action against foreign sovereign non-existent at common law).

Thus, the court's order remanding plaintiffs' cause of action against the defendants other than L'Union des Assurances de Paris will stand, and the motion for an exceptional case management order will be denied. In denying plaintiffs' motion, the court does not suggest that the parties can ignore otherwise applicable privileges and constraints on ex parte contact or any of the applicable Federal Rules of Civil Procedure or Local Rules of this district, including Local Rule 24.

ACCORDINGLY, this 7th day of March, 1991, upon consideration of plaintiffs' Joint Motion for Case Management Order, IT IS HEREBY ORDERED that said Motion is DENIED.

---

**4.** The court in *Liberty Mutual* also purported to rely on three other cases the applicability of which is not readily discernible. In *Garcia v. Public Health Trust of Dade County,* 841 F.2d 1062 (11th Cir.1988), a Spanish plaintiff sued an entity of the Spanish government and two domestic defendants. The court dismissed the claims against the foreign defendant and remanded the case to the state court from which it had been removed. There was no discussion of the breadth of § 1441(d). In *Johnson v. Ameri-* *can Airlines, Inc.,* 834 F.2d 721 (9th Cir.1987), California plaintiffs sued a Delaware defendant and an agency of the Irish government. The case was removed to federal court where summary judgment was entered in favor of defendants. There is no discussion of the breadth of § 1441(d). In *McKeel v. Islamic Republic of Iran,* 722 F.2d 582 (9th Cir.1983), plaintiffs sued Iran and the United States in federal court. The suit was dismissed. There is no discussion of § 1441(d).