In re SURINAM AIRWAYS HOLDING COMPANY, Air Crews International, Incorporated, International Air Leases, Incorporated, Aircraft Tenders Associates, Incorporated, Estate of Wilburt Rogers, Estate of Glyn Tobias, Estate of Warren Rose, Surinaamse Luchtvaart Maatschappij, N.V., a/k/a Surinam Airways, Ltd., a foreign corporation, Petitioners.

No. 92–4456.

United States Court of Appeals, Eleventh Circuit.

Sept. 23, 1992.

Aurora Ares, Ralph P. Richard, Thornton, David, Murray, Richard & Davis, P.A., Miami, Fla., for Sahc, IAL, Surinam Airways, Estates.

David McDonald, McDonald & McDonald, Miami, Fla., for Aircrews.

Carl H. Hoffman, Jr., Hoffman & Hertzig, P.A., Coral Gables, Fla., for opposing counsel.

Arthur Moller, III, Miami, Fla., for Aircraft Tenders.

Before FAY, KRAVITCH, and COX, Circuit Judges.

FAY, Circuit Judge:

This case comes before the court on a joint petition for a writ of mandamus. The petitioners are the defendants and third-party defendant in two consolidated wrongful death actions. They claim that this court should issue a writ of mandamus because the district court erroneously concluded that it had discretion to remand the plaintiffs' claims to state court despite its acknowledged jurisdiction over both the plaintiffs' claims and the third-party claims asserted in the consolidated actions. In an alternative attempt to obtain relief from the district court's partial remand order, the petitioners have also filed a notice of appeal. For the reasons that follow, we now GRANT the joint petition for writ of mandamus.

## I. BACKGROUND

This case arose from the June 7, 1989 crash of a transatlantic flight originating in Amsterdam, the Netherlands, and destined for Paramaribo, Surinam. As a result of the air crash, Carmelita Dolores Tauwnaar and Eveline Esseline Susana Kogeldans–Pinas each filed a wrongful death action in the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. Each complaint sought relief from a number of Florida-based corporations and from the estates of the deceased cockpit crew.[1] The plaintiffs' claims, premised on state law, alleged that the named defendants— not the air carrier—were "actually responsible for the operation, maintenance and piloting of the aircraft." *See, e.g.,* Tauwnaar Complaint at 6. As a result, the plaintiffs deliberately chose not to name the air carrier, Surinaamse Luchtvaart Maatschappij, N.V., a/k/a Surinam Airways, Ltd. ("Surinam Airways"), as a defendant. Nonetheless, one of the named defendants, Air Crews International, Inc., impleaded Surinam Airways into each state court action as a third-party defendant. The third-party complaints asserted indemnity, contribution, and breach of contract claims against Surinam Airways.

Having been brought into the two state court actions as a third-party defendant, Surinam Airways filed notices of removal pursuant to 28 U.S.C. § 1441(d). The defendants also joined in these notices, setting forth an alternative basis for removal under 28 U.S.C. § 1441(b).[2]

Shortly after the notices of removal were filed, the parties filed a number of motions in the district court. Included among these motions were the plaintiffs' motions to re-

---

1. The plaintiffs are citizens of the Netherlands, as were their decedents. The defendants, on the other hand, are: Surinam Airways Holding Company, a Delaware corporation with its principal place of business in Florida; Air Crews International, Inc., a Florida corporation with its principal place of business in Florida; International Air Leases Inc., a Delaware corporation with its principal place of business in Florida; Aircraft Tenders Associates, Inc., a Florida corporation with its principal place of business in Florida; the Estate of Wilburt Rogers, a deceased citizen of North Carolina; the Estate of Glyn Tobias, a deceased citizen of Oklahoma; and the Estate of Warren Rose, a deceased citizen of Florida.

2. These defendants asserted that the plaintiffs' claims arose exclusively under the Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, *reprinted at* 49 U.S.C.App. § 1502 note ("Warsaw Convention"), and were thus removable as "arising under the Constitution, treaties or laws of the United States." *See* 28 U.S.C. § 1441(b).

mand their cases to state court. The district court consolidated the two cases and referred all pretrial matters to a United States magistrate judge. That magistrate judge then recommended that the motions to remand be denied. Nonetheless, in its "Order of Remand in Part," the district court decided to remand the plaintiffs' claims and to retain jurisdiction solely over the third-party claims asserted against Surinam Airways. The petitioners then sought review of that order in this court, filing both a petition for writ of mandamus and a notice of appeal. The petitioners also filed a motion seeking to stay the partial remand order pending review in this court. We granted that motion and stayed the district court's order.

## II. REVIEWABILITY OF A REMAND ORDER

■ Normally, an order remanding a case to state court is not reviewable by appeal or otherwise. 28 U.S.C. § 1447(d). However, the Supreme Court has recognized a narrow exception to this rule in cases where a remand order is based on reasons not authorized by 28 U.S.C. § 1447(c).[3] *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). According to the Court, "only remand orders issued under § 1447(c) and invoking the grounds specified therein ... are immune from review under § 1447(d)." *Id.* at 346, 96 S.Ct. at 590. In this case, we find that the district court's "Order of Remand in Part" falls within that narrow exception set forth in *Thermtron.*

In remanding the plaintiffs' claims to state court, the district court concluded neither that it lacked jurisdiction over the plaintiffs' claims nor that a defect in removal procedure had occurred. *See* Order of Remand in Part at 6 ("[T]he main claims are within the Court's supplemental jurisdiction and are removable along with the third-party claims.").[4] Instead, the district court determined that its jurisdiction over the plaintiffs' claims was in the nature of supplemental jurisdiction conferred by 28 U.S.C. § 1367. Because the court concluded that its jurisdiction over the plaintiffs' claims was supplemental, the court further determined that it could decline the exercise of that supplemental jurisdiction as a discretionary matter governed by § 1367(c). The court then declined the exercise of supplemental jurisdiction over the plaintiffs' removed claims and directed that those claims be remanded to state court.

■ These conclusions and this basis for remanding the plaintiffs' claims bring the district court's partial remand order within the *Thermtron* exception to § 1447(d). A remand order pursuant to 28 U.S.C. § 1367(c) is not premised on § 1447(c) because it is a discretionary decision declining the exercise of *expressly acknowledged jurisdiction.* It is not a remand premised on either a defect in removal procedure or a lack of jurisdiction. As a result, an order expressly remanding pursuant to § 1367(c) is reviewable. *See Thermtron*, 423 U.S. at 346, 351–52, 96 S.Ct. at 590, 593; *cf. Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (reviewing an order that remanded state claims over which the district court had pendent jurisdiction). As in *Thermtron,* the appropriate basis for reviewing such an order is on petition for writ of mandamus. *See* 423 U.S. at 352–53, 96 S.Ct. at 593; *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 712 (7th Cir.1992).

---

**3.** Section 1447(c) provides in pertinent part:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

**4.** We do note, however, that the district court examined 28 U.S.C. § 1330 and determined that

it lacked original jurisdiction over the plaintiffs' claims. Normally, if such a decision had led the court to remand for lack of subject matter jurisdiction, both that decision and the district court's remand order would have been unreviewable. 28 U.S.C. § 1447(d). In this case, however, the district court determined that it had subject matter jurisdiction over the plaintiffs' claims despite the perceived lack of original jurisdiction.

## III. THE REMAND ORDER

■ The actions now before this court were removed to district court pursuant to 28 U.S.C. § 1441(b) and (d). Under § 1441(d), "[a]ny civil action brought in State court against a foreign state" may be removed to federal court by the foreign state.[5] Clearly, Surinam Airways is an "agency or instrumentality of a foreign state" under 28 U.S.C. § 1603(b),[6] and it is thus a "foreign state" for purposes of § 1441(d). *See* 28 U.S.C. §§ 1441(d), 1603. Moreover, Surinam Airways waived any immunity to which it may have been entitled as a "foreign state." *See* 28 U.S.C. § 1605. Accordingly, removal pursuant to § 1441(d) was proper.[7] Yet, the mere fact that § 1441(d) authorized removal under these circumstances does not resolve the issues before this court. We must still determine: (1) which claims were removed under § 1441(d), and (2) which of the removed claims, if any, could then be remanded to state court.

### A. Claims Subject to Removal under 28 U.S.C. § 1441(d)

Because the language of § 1441(d) authorizes removal by a "foreign state" after it has been impleaded into a case as a third-party defendant, it should be clear that § 1441(d) must remove, at a minimum, the third-party claims asserted against the "foreign state." Accordingly, the notices of removal filed in the plaintiffs' cases removed the third-party claims against Surinam Airways to federal court. We must next determine, however, whether § 1441(d) also removed the plaintiffs' claims against the defendants.

■ In making this determination, we recognize that "a grant of jurisdiction over claims involving particular parties does not itself confer jurisdiction over additional claims by or against different parties." *Finley v. United States*, 490 U.S. 545, 556, 109 S.Ct. 2003, 2010, 104 L.Ed.2d 593 (1989). Moreover, "with respect to the addition of parties, as opposed to the addition of only claims, we will not assume that the full constitutional power has been congressionally authorized, and will not read jurisdictional statutes broadly." *Id.* at 549, 109 S.Ct. at 2007. Thus, if § 1441(d) grants removal jurisdiction to a district court only on claims involving a foreign state, then the main claims asserted by the plaintiffs could not have been removed pursuant to § 1441(d).

■ The district court's partial remand order focussed on the "civil action ... against a foreign state" language in § 1441(d), apparently finding that language to mean that *either* a "third-party action against a foreign state" *or* a "main action against a foreign state" could be removed pursuant to § 1441(d), depending upon whether the claims asserted against the foreign state were set forth in the initial complaint or in the third-party complaint. *See* Order of Remand in Part at 3. Although we agree that the language of § 1441(d) can conceivably be read in such a way, we simply do not believe that Congress intended that interpretation. Instead, the language and legislative history of § 1441(d) lead us to conclude that, where a claim has been filed against a foreign state, Congress did not intend removal jur-

---

**5.** Section 1441(d) provides:

Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

**6.** The country of Surinam has a majority ownership interest in Surinam Airways, the national

airline of Surinam. Nonetheless, Surinam Airways remains a separate legal entity organized under the laws of Surinam. It is neither a citizen of a U.S. State nor an entity created under the laws of a third country.

**7.** Because we hold that the district court was required to exercise jurisdiction over the plaintiffs' claims after removal pursuant to 28 U.S.C. § 1441(d), we need not decide whether the district court erred by concluding that the defendants' removal pursuant to § 1441(b) was improper.

isdiction to be limited to some subset of the claims or parties involved in that action.

The language of § 1441(d) provides the starting point for our analysis. In that section, Congress chose to use the words "any civil action" rather than "any claim" to indicate the scope and effect of removal. Although such open-ended language as "any civil action" does not always serve to affirmatively grant jurisdiction over an entire case,[8] the use of "any civil action" in § 1441(d) was clearly meant to grant removal jurisdiction over more than just the "claims" asserted against a foreign state. *See Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 (5th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991). When discussing the newly-created § 1441(d), the House Judiciary Committee stated:

> In view of the potential sensitivity of actions against foreign states and the importance of developing a uniform body of law in this area, it is important to give foreign states clear authority to remove to a Federal forum actions brought against them in the State courts. New subsection (d) of section 1441 permits the removal of any such action at the discretion of the foreign state, even if there are multiple defendants and some of these defendants desire not to remove the action or are citizens of the State in which the action has been brought.

H.R.Rep. No. 1487, 94th Cong., 2d Sess. 32, *reprinted in* 1976 U.S.C.C.A.N. 6604, 6631.[9] Moreover, the House Judiciary Committee remarked that the Foreign Sovereign Immunities Act of 1976, which created § 1441(d), was intended to prescribe "the jurisdiction of U.S. district courts in cases *involving* foreign states." H.R.Rep. No. 1487, 94th Cong., 2d Sess. 12, *reprinted in* 1976 U.S.C.C.A.N. 6604, 6610–11 (emphasis added).

■ The Foreign Sovereign Immunities Act further intended to "render uniform in procedure and substance the treatment of foreign sovereigns subjected to suits in American courts." *Nolan*, 919 F.2d at 1065 (citing Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 14 *Federal Practice and Procedure* § 3662 at 394 (1984)). Making a federal forum available to a foreign state furthers this goal, whether the foreign state is a defendant or a third-party defendant. As the district court recognized in this case, Surinam Airways' liability on the third-party indemnity and contribution claims is "wholly contingent upon plaintiffs' verdicts in the main claims." Order of Remand in Part at 7. Thus, in order to protect itself fully, a third-party defendant like Surinam Airways might be called upon to assert defenses on behalf of any third-party plaintiff who has filed a third-party claim against it. *Nolan*, 919 F.2d at 1065; Fed.R.Civ.P. 14(a). If a foreign state lacks the ability to remove an entire case to federal court, then the goals of the Foreign Sovereign Immunities Act will be frustrated when that foreign state is brought into an action as third-party defendant and is denied, for all

---

**8.** In *Ortega v. Schramm*, 922 F.2d 684 (11th Cir.1991), we found that the words "any civil action" did not affirmatively grant pendent party jurisdiction in 42 U.S.C. § 1983 cases. Our decision, however, relied largely on the fact that the use of the words "any civil action" in 28 U.S.C. § 1343(a)(3) were "expressly limited by section 1343(a)(3) itself, and by the language 'authorized by law to be commenced' read in conjunction with the authorization of section 1983." 922 F.2d at 693. We also focussed on the fact that at the time Congress put the words "any civil action" into § 1343(a)(3), it was merely updating the statute to conform to Rule 2 of the newly adopted Federal Rules of Civil Procedure. 922 F.2d at 692. In addition, we pointed out that, at the time Congress so amended § 1343(a)(3), it used explicit language in 28 U.S.C. § 1338 to grant pendent jurisdiction. 922 F.2d at 692.

**9.** In *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1375–76 (5th Cir.1980), the former Fifth Circuit held that a foreign-state defendant can remove an entire action pursuant to § 1441(d), including claims asserted against co-defendants who may be unwilling to consent to removal or who may be citizens of the forum state. Such decisions of the former Fifth Circuit, handed down prior to October 1, 1981, are binding precedent in this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). We do note, however, that *Arango* was decided prior to the Supreme Court case of *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

practical purposes, the opportunity to fully litigate its liability in federal court.

We recognize that *Alifieris v. American Airlines, Inc.*, 523 F.Supp. 1189, 1192 (E.D.N.Y.1981), apparently saw no problem with this result, holding that a foreign-state third-party defendant may only remove third-party claims—not the entire action—when third-party claims are asserted. The *Alifieris* court reasoned that if Congress had intended to allow removal of the entire case, it would have said so explicitly as it did in 28 U.S.C. § 1441(c) ("the entire case may be removed"). 523 F.Supp. at 1192–93.

We disagree with the reasoning and conclusion of *Alifieris* and instead adopt the reasoning and conclusions of the Fifth Circuit in *Nolan.* The use of the words "civil action" are synonymous with the concept of an entire case when those words are not otherwise limited by accompanying language, a companion statute, or legislative history. *See Nolan*, 919 F.2d at 1066. As the rules of federal practice make clear, a civil action is an entire civil case, encompassing claims filed by plaintiffs and claims filed by third-party plaintiffs. *d.;* Fed. R.Civ.P. 2. Moreover, § 1441(d) was intended to give foreign states the discretion to use a federal forum to litigate civil actions into which they have been brought. The legislative history of the Foreign Sovereign Immunities Act reveals no intent to distinguish between foreign-state defendants and foreign-state third-party defendants. Accordingly, the notices of removal filed in the consolidated actions removed the entire cases, both the third-party claims and the plaintiffs' claims, to federal district court.

### B. *Claims Subject to Remand*

■ Having determined that Surinam Airways properly removed the consolidated actions in their entireties pursuant to 28 U.S.C. § 1441(d), we next must determine whether the district court had any authority to remand the plaintiffs' claims. Under the circumstances present in this case, we cannot agree with the district court's conclusion that it could decline to exercise jurisdiction over the plaintiffs' claims and thereby remand.

Once Surinam Airways invoked federal jurisdiction by seeking removal under § 1441(d), the district court had jurisdiction over the entire "civil action," encompassing both the third party claims and the main claims asserted by the plaintiffs. The language of § 1441(d) cannot be construed to grant the district court discretion whether to exercise this jurisdiction once it determines that § 1441(d) has been properly invoked. Indeed, the above discussed legislative history of § 1441(d) shows that Congress intended to "give sovereign foreign defendants an absolute right to a federal forum coupled with an unusually strong preference for the consolidation of claims." *Teledyne, Inc. v. Kone Corporation*, 892 F.2d 1404, 1409 (9th Cir.1989). This absolute right to a federal forum necessarily requires that the federal court exercise its jurisdiction over the entire action properly removed under § 1441(d). Allowing the district court discretion to remand part of a case involving a sovereign foreign defendant would defeat Congress' intent to grant foreign sovereigns the absolute right to defend civil actions against them in federal court.

However, if the district court loses the bases for its jurisdiction under § 1441(d), then it will have discretion whether to remand the remaining claims to state court. Thus, if all of the third party claims against Surinam Airways are dismissed, then the district court may decline to exercise jurisdiction over the claims involving only non-sovereign defendants. *Cf. Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) (discussing federal court discretion to decline to exercise jurisdiction over pendent state law claims after federal law claims have been dismissed).

### IV. CONCLUSION

For the reasons set forth above, we now direct the district court to rescind that portion of its order remanding the plaintiffs' claims to state court on the authority of 28 U.S.C. § 1367(c). The court is further di-

rected to exercise its jurisdiction over all of the claims asserted in the two consolidated actions removed to the Southern District of Florida pursuant to 28 U.S.C. § 1441(d).[10]

COX, Circuit Judge, concurring in part and dissenting in part:

I concur in the court's holding that the remand order in this case is reviewable and that the entire action is removable under 28 U.S.C. § 1441(d). I therefore join parts I, II, and III–A of the court's opinion. However, I write separately because I believe that in actions removed under § 1441(d) the district court has discretion to remand pendent-party claims.

When a foreign state removes an action under § 1441(d), it removes the entire action. The court exercises jurisdiction not only over the claims against the foreign state, but also over the pendent-party claims in the action. The Supreme Court, in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1967), has recognized the power of federal courts to hear pendent claims where federal and state claims "derive from a common nucleus of operative fact." *Id.* at 725, 86 S.Ct. at 1138. However, the Court has subsequently limited the exercise of pendent jurisdiction over the related claims of parties not involved in the claim upon which federal jurisdiction is based. The Court has held that such pendent-party jurisdiction exists only when authorized by statute and permitted by the Constitution. *See Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

Section 1441(d) satisfies this test: section 1441(d) authorizes pendent-party jurisdiction and Article III of the Constitution permits it. As other circuits have held, section 1441(d) "provides federal jurisdiction over pendent parties, at least where . . . minimal diversity exists." *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1408 (9th Cir.1989). Both the plain language and legislative history of § 1441(d) indicate that Congress intended to authorize jurisdiction over pendent-party claims which are part of an action against a foreign state. *See Teledyne*, 892 F.2d at 1409. Additionally, the present action meets the constitutional requirements of minimal diversity. *See Teledyne*, 892 F.2d at 1408 (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531, 87 S.Ct. 1199, 1204, 18 L.Ed.2d 270 (1967)).[1]

The former Fifth Circuit has acknowledged that such jurisdiction under § 1441(d) is in the nature of pendent-party jurisdiction. *See Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376, 1377 n. 7 (5th Cir.1980). In fact, later Fifth Circuit cases have interpreted *Nolan v. Boeing Co.*, 919 F.2d 1058 (5th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991), upon which the majority relies, as a recognition of pendent-party jurisdiction under § 1441(d). *See Federal Sav. & Loan Ins. Corp. v. Mackie*, 962 F.2d 1144, 1149 (5th Cir.1992) (citing *Nolan* as a case in which the court had found that "a federal statute [§ 1441(d)] was broad enough to grant pendent party jurisdiction"); *Sarmiento v. Texas Bd. of Veterinary Medical Examiners*, 939 F.2d 1242 (5th Cir.1991) (citing *Nolan* as continuing to allow pendent-party claims).

The exercise of pendent-party jurisdiction is discretionary. The Supreme Court in *Gibbs* remarked that the power to hear pendent claims "need not be exercised in every case in which it is found to exist. . . . [P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. Dismissal of pendent state claims is appropriate where the anchor claim has been dismissed or where state issues "substantially pre-

---

**10.** Because the district court's partial remand order has been considered on application for mandamus relief, the appropriate vehicle for seeking relief from such an order, we shall issue a separate order disposing of the petitioners' appeal in Case No. 92–4458.

**1.** Minimal diversity requires only that two adverse parties be of diverse citizenship. *Tele-*

*dyne*, 892 F.2d at 1408. Here, Air Crews International, Inc., the third-party plaintiff, is a Florida corporation with its principal place of business in Florida. Surinam Airways, Ltd., the third-party defendant, is a foreign corporation organized under the laws of Surinam with its principal place of business in Surinam.

dominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Id.*

. The Supreme Court explained in *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988), that *Gibbs* means that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." The *Cohill* Court also held that the discretion to dismiss pendent claims also includes the discretion to remand those same claims in a removal context. *Id.*

These principles of pendent jurisdiction apply to give the district court discretion to remand pendent-party claims removed under § 1441(d). Our own circuit, applying a removal statute similar to § 1441(d), has recognized the district court's discretion to remand pendent claims. In *Nadler v. Mann,* 951 F.2d 301 (11th Cir.1992), we discussed a district court's discretion to remand pendent claims removed under 28 U.S.C. § 1442(a)(1), which authorizes the removal of actions against officers of the United States. After holding that all but one claim against the federal officer involved had been properly dismissed, we noted that the district court had the discretion to remand state-law claims that did not touch any federal issue. *Id.* at 306 n. 9. Further, both *Cohill* and *Gibbs* indicate that the district court has the discretion to exercise its pendent jurisdiction whether or not the claim upon which federal jurisdiction is based remains in the action. *See Cohill,* 484 U.S. at 355 n. 11, 108 S.Ct. at 621 n. 11; *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139.

The majority correctly notes that § 1441(d) " 'give[s] sovereign foreign defendants an absolute right to a federal forum coupled with an unusually strong preference for the consolidation of

claims.' " *Supra* p. 1260 (quoting *Teledyne,* 892 F.2d at 1409). However, nothing in the statute indicates that Congress also intended to give the foreign defendant an *absolute* right to have pendent-party claims heard in that federal forum. Neither § 1441(d) nor its legislative history indicate that established principles of pendent jurisdiction do not apply in this context. I therefore believe the district court has discretion to remand pendent-party claims removed under § 1441(d) where the exercise of pendent jurisdiction is inappropriate.[2]

---

**2.** Because our court directs the district court to rescind that portion of its order remanding the plaintiffs' claims, no purpose would be served by my addressing the issue of whether the district court properly exercised its discretion in this case.