**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

No. 95-6878

IN RE:

CITY OF MOBILE,

Petitioner.

On Petition for Writ of Mandamus to the United States District
Court for the Southern District of Alabama

**(January 31, 1996)**

Before HATCHETT, COX and BIRCH, Circuit Judges.

HATCHETT, Circuit Judge:

This case is before the panel on a petition for writ of
mandamus. We direct the district court to reconsider its
decision.

**BACKGROUND**

On June 29, 1993, Melvin Thornton, Sr. sustained serious
injuries when a vehicle driven by Michael Kahalley struck his
car. At the time of the collision, officers of the Mobile,
Alabama Police Department were engaged in a high-speed chase of
Kahalley. On September 20, 1993, Thornton and family members

(respondents) filed suit in Alabama state court against Kahalley, the City of Mobile, Police Officer David Preston and various fictitious parties. The suit alleged negligence, wantonness, and dram shop liability causes of actions under Alabama state law. On June 14, 1995, respondents filed a fourth amended complaint adding a cause of action under 42 U.S.C. § 1983 for violation of rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Originally, the case was set for trial in state court on June 26, 1995; it was continued, however, until November 5, 1995. On June 27, 1995, petitioners, with the exception of Kahalley, removed the case to federal court pursuant to 28 U.S.C. § 1441(b) and (c).

Respondents moved to remand the entire case to state court. The district court in the Southern District of Alabama granted the motion remanding the entire case, including the section 1983 claim, to state court. In support of its order, the district court relied on 28 U.S.C. § 1367(c)(2) and (c)(4). Petitioners request that this court issue a writ of mandamus ordering the district court to retain and hear the entire case.

### CONTENTS

Petitioners contend that the district court erred in remanding the entire case to state court and assert that the district court should have retained all of the claims. Petitioners contend that the language of 28 U.S.C. § 1367(c) is clear and unequivocal and only empowers a district court to decline supplemental jurisdiction. Petitioners argue that this

2

court should adopt the reasoning of <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780 (3d Cir. l995), which prohibited a district court from remanding a properly removed federal claim to state court.

Respondents contend that remanding an entire case, including a properly removed federal claim, is appropriate under section l367(c)(2) where the state claims substantially predominate over federal claims. Respondents argue that the district court correctly found that the state law issues substantially predominated over the federal issues. Respondents also contend that under section l367(c)(4), the district court properly remanded the entire case to state court because other compelling reasons exist to remand. Alternatively, respondents contend that the district court could have remanded the entire case under section l44l(c).

## ISSUE

The sole issue we address is whether, under 28 U.S.C. § l367(c), a district court has discretion to remand to state court a case that includes a properly removed federal claim.

## DISCUSSION

Initially we note that when a district court remands a case based on reasons not authorized in 28 U.S.C. § 1447(c), we have jurisdiction to review such an order on a petition for writ of mandamus. <u>In re Surinam Airways Holding Co.</u>, 974 F.2d 1255, 1257 (11th Cir. 1992).

3

Section l367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim.  Borough of West Mifflin v. Lancaster, 45 F.3d 780, 787 (3d Cir. l995).  According to section l367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C.A. § l367(a) (West l993).  Under section l367(c), district courts have the discretion to refuse to exercise supplemental jurisdiction.  The section provides that

> district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>
> (l)  the claim raises a novel or complex issue of state law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c) (West 1993) (emphasis added).

In this case, the district court acknowledged that the terms of section l367(c) do not expressly authorize it to remand a federal claim to state court, but the court found support for doing so in the doctrine of pendent jurisdiction as construed in Carnegie Melon Univ. v. Cohill, 484 U.S. 343 (l988).  While we accept the district court's conclusion that section l367 is

4

rooted in the doctrine of pendent jurisdiction, we reject its interpretation of <u>Carnegie Melon</u> as allowing federal courts to remand properly removed federal claims to state courts. In <u>Carnegie Melon</u>, the Court addressed the issue of "whether a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain." <u>Carnegie Mellon</u>, 484 U.S. at 345. The Court concluded that a district court has discretion to remand pendent claims to state court when doing so furthers the principles of judicial economy, convenience, fairness, and comity. <u>Carnegie Mellon</u>, 484 U.S. at 357. The district court in this case relied upon sections 1367(c)(2) and (c)(4) in concluding that it could remand the entire case including the federal claim to state court.

The district court exceeded its discretionary authority in remanding the entire case pursuant to section 1367(c)(2) and (c)(4) because it remanded the case on grounds not provided for in the controlling statute. <u>See</u> <u>Thermatron Products v. Hermansdorfer</u>, 423 U.S. 336, 351 (1976) (finding that a district court exceeded its authority in remanding a case for reasons not provided for in 28 U.S.C. § 1447(c)). While the district court in this case outlined ostensibly compelling reasons for remanding the entire case, we find no support for the district court's decision in section 1367(c), its legislative history, or relevant

case law.[1]  As the Supreme Court stated in <u>Thermatron Products</u>, "we are not convinced that Congress ever intended to extend carte blanche authority to district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute."  <u>Thermatron Products</u>, 423 U.S. at 351.  Accordingly, we hold that the district court must retain jurisdiction over the properly removed federal claim.

Respondents urge this court to find, as an alternative to section 1367(c), that the district court had authority under 28 U.S.C.A. § 1441(c) to remand the entire action.  We need not consider this suggestion because we agree with the district court's conclusion that no separate and independent cause of action exists under these facts.  Under section 1441(c),

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.

28 U.S.C.A. § 1441(c) (West 1994).  The district court correctly found that the claims here were not separate and independent.  Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section

---

[1]For example, in deciding to remand the entire case, the district court placed great emphasis on the state court's expenditure of its judicial resources during a two-year period in pre-trial matters in preparation for the case.

1441(c).  <u>American Fire & Casualty Co. v. Finn</u>, 341 U.S. 6, 14 (1951).  In this case, a single accident occurred, and state and federal claims were filed based on that accident.  Therefore, section 1441(c) is not applicable because no separate and independent claim exists.

## CONCLUSION

Because the district court exceeded its authority in remanding the properly removed federal claim, we direct the district court to reconsider its decision to remand the entire case to the state court.

**REMANDED**