**Linda Marlin LIE, et al., Plaintiffs,**

v.

**The BOEING COMPANY, et al., Defendants.**

**CFM International, Inc., Third Party Plaintiff,**

v.

**P.T. Garuda Indonesia, Third Party Defendant.**

**The Boeing Company, Third Party Plaintiff,**

v.

**P.T. Garuda Indonesia, Third Party Defendant.**

**No. 04 C 2144.**

United States District Court, N.D. Illinois, Eastern Division.

March 31, 2004.

Donal J. Nolan, Nolan Law Group, Chicago, IL, for Plaintiff.

Larry S. Kaplan, Daniel V. Santiago, Richard Alan Walker, Telly Andrews, Kaplan & von Ohlen, Chicago, IL, for Defendants.

## MEMORANDUM

SHADUR, Senior District Judge.

■ P.T. Garuda Indonesia ("Garuda") has filed a Motion for Reconsideration ("Motion") of this Court's March 24, 2003 sua sponte memorandum order ("Order") that directed the remand of this action to the Circuit Court of Cook County, Illinois, such remand having been based on established jurisprudence that only "[a] defendant or defendants" (28 U.S.C. § 1446(a)[1]), and not a third party defendant such as Garuda, could exercise the right of removal. Because the remand order has already been implemented, so that the case has been shipped back to the Circuit Court, this Court lacks jurisdiction to entertain the Motion. But because as explained hereafter the Motion is well taken under applicable caselaw, this memorandum is issued to address various issues in anticipation of a renewed removal of the action by Garuda.

■ In that respect Garuda points to the express right of removal that is granted by Section 1441(d) to "foreign states" as defined in Section 1603(a).[2] And Garuda is quite right in identifying *In re Air Crash Disaster Near Roselawn, Ind.,* 96 F.3d 932, 943 (7th Cir.1996) as permitting such a Section 1603 entity to remove a case from the state court where it was first brought into a lawsuit by a third party complaint (see also *Nolan v. Boeing Co.,* 919 F.2d 1058, 1062–66 (5th Cir.1990)). Interestingly, neither *Air Crash Disaster* nor *Nolan* (nor, for that matter, either of the other cases hereafter cited) even speaks of the limitation on removal that was identified in the Order—and it has to be said that Section 1441(d)'s language must be strained beyond its normal meaning to arrive at the result that is urged by Garuda and has been granted in those cases: After all, a third party claim is *not*

---

1. All further references to Title 28's provisions will simply take the form "Section—."

2. Garuda describes itself in Notice of Removal ¶ 10 as a "corporate entity organized and existing under the laws of the Republic of Indonesia; that it is 100% owned by the Republic of Indonesia; and that it is not a citizen of any state of the United States." It thus qualifies as a "foreign state" within the Section 1603(a) and (b) definition.

itself a "civil action," the term that the statute uses in authorizing removability.[3]

But this Court is not about to swim upstream on the basis that the judicial gloss on Section 1441(d) represented by those cases does not appear to be warranted by the language that Congress chose to employ in defining the scope of entitlement of foreign-government-owned entities such as Garuda to remove. Instead this Court will be prepared to retain the third-party claims on its docket when—as it assumes will be the case—Garuda again removes the action from the Circuit Court to this District Court.

That retention will not, however, call for this Court to permit the third-party-complaint's tail to wag the dog of this entire lawsuit, which has initially been brought by more than 40 plaintiffs against Boeing Company ("Boeing") and CFM International, Inc. and certain of its affiliates (collectively "CFM"). First, it is clear that those direct defendants did not have their own right of removal—because Boeing is an Illinois citizen, Section 1441(b) expressly precluded such removal. So the principal action was firmly and permanently embedded in the Circuit Court until Boeing and CFM instituted their third party complaints against Garuda. Second, Section 1441(d) requires those third party claims to be tried by the court without a jury, while the main action against Boeing and CFM calls for a jury trial. And third,

because there are aliens on both sides of the underlying claims (Complaint Count X ¶ 2 identifies one CFM-related defendant as a French societe anonyme) and because United States citizens are not present on both sides, diversity of citizenship jurisdiction over those claims would be lacking (see Section 1332(a)(3)) as an independent basis for retaining the underlying claims here.

*Nolan*, 919 F.2d at 1062–66 rejected an argument that the District Court there had committed error as a matter of law in its refusal to remand, if not the cases in their entirety, at least the principal claims rather than the third party claims. That however is a question quite different from whether this Court *may* do so. On that score, although *In re Surinam Airways Holding Co.*, 974 F.2d 1255, 1260 (11th Cir.1992) has said in a split decision that a district court may not opt to remand the main claims once the third party "foreign state" has removed the case under Section 1441(d), that majority holding is a lone voice that is at odds with the uniform holdings elsewhere, as succinctly summarized in 14C Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure: Jurisdiction* 3d § 3729.1 at 242 (3d ed.1998):

> The federal court does have discretion to remand to state court the portion of the action that relates to defendants as to whom there is no independent subject matter jurisdiction basis.[4]

---

**3.** Indeed, *Nolan* itself (919 F.2d at 1066) cites to Fed.R.Civ.P. 2 for that very proposition: Rule 2 unequivocally establishes that a third-party claim is not a separate "action" that comprises part of a larger "case"; rather, it is a claim that becomes part and parcel of an existing action.

Yet, having done so, the *Nolan* court inexplicably fails to note the tension between that distinction and the fact that Section 1441(d)(emphasis added) authorizes the removal by a foreign state only of "[a]ny *civil action* brought in a State court *against a foreign state*"—an authorization that does not

really fit a *third party claim* (not an action) that targets the foreign state.

**4.** [Footnote by this Court] Most recently, *Delgado v. Shell Oil Co.*, 231 F.3d 165, 182 (5th Cir.2000), issued by the same court that had authored *Nolan*, dealt with the same question of possible remand in abuse of discretion terms, rather than in absolute terms as *Surinam Airways* had. And it will be recalled that here no independent subject matter jurisdiction exists over the main claims because of Section 1332(a)(3), so the case fits comfortably within the just-quoted principle.

This Court sees no reason why the multiple plaintiffs and their counsel should be deprived of *their* choice of a state court forum just because (1) Boeing and CFM have chosen to bring third party claims against an entity not sued by plaintiffs and (2) that entity has a right of removal (as Boeing and CFM did not). And as stated earlier, the nature of the trials on the two sets of claims will be entirely different—a jury trial of the main claims and a bench trial of the third party claims. Accordingly, as soon as Garuda again removes this action from the Circuit Court to this District Court, this Court expects to retain the third party claims but to remand the principal claims to the state court.

In light of that anticipated scenario, a few words should be said about the procedural handling of the two-court litigation. It would be an obvious waste of resources if all discovery on the principal claims in the state lawsuit had to be repeated here on the third party claims. This Court would therefore expect all of the litigants in both actions to adopt procedures to avoid the necessity to plow the same field twice (for example, discovery in the state court lawsuit in which Garuda is permitted to participate would be treated as available in the third party action as well). Upon the filing of the expected renewed notice of removal, this Court will also contemporaneously enter its typical scheduling order, with the third party plaintiffs and defendants called upon to discuss that and other procedural considerations at the initial status hearing that will be set by that order.