Panos ALIFIERIS and Cleo Alifieris, Plaintiffs,

v.

AMERICAN AIRLINES, INC., Don Cooper and Mary Cooper, a/k/a Maria Cooper, Defendants.

Don COOPER and Maria Cooper, Third-Party Plaintiffs,

v.

The COUNTY OF SUFFOLK and Olympic Airways, Third-Party Defendants.

No. 80 C 1397.

United States District Court, E. D. New York.

Oct. 5, 1981.

Lipsig, Sullivan & Liapakis, P. C. by Frank V. Floriani, New York City, for plaintiffs.

John Downing by James V. McGovern, New York City, for defendant American Airlines, Inc.

Meiselman, Boland, Reilly & Pittoni by Leonard J. Meiselman, Mineola, N. Y., for Cooper defendants.

Hill, Betts & Nash by Peter J. McHugh, New York City, for third-party defendant Olympic Airways.

NEAHER, District Judge.

In September 1979 Panos and Cleo Alifieris brought an action in the New York Supreme Court, Kings County, asserting causes of action against defendants Donald and Maria Cooper and their employer, American Airlines, based on an alleged assault and battery on Panos Alifieris in the American Airlines terminal at the John F. Kennedy Airport. Alifieris was at the time of the incident an employee of Olympic Airways, who pursuant to an agreement with American had been utilizing the latter's terminal for servicing Olympic's flights. The Coopers subsequently impleaded third-party defendants Olympic Airways and Suffolk County, based on Olympic's alleged failure to control Alifieris and Suffolk County's alleged obligations to defend and indemnify Donald Cooper. The Coopers also filed a cross-complaint against American and a counterclaim against Alifieris, claiming damages and indemnification.

Olympic thereafter removed the action to this Court on the ground that it is a "foreign state" as defined by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a), and therefore entitled to removal under 28 U.S.C. § 1441(d).[1] Now before the Court is plaintiffs' motion to remand the action to the Kings County Supreme Court.

■ It is undisputed that Olympic satisfies the three criteria of § 1603(b); therefore it would appear to be entitled to removal under § 1441(d).[2] However, plain-

---

1. Sections 1441(d) and 1603(a), (b) provide:

   "§ 1441. Actions removable generally

   \* \* \* \* \* \*

   (d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown."

   "§ 1603. Definitions

   For purposes of this chapter—

   (a) A 'foreign state', except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

   (b) An 'agency or instrumentality of a foreign state' means any entity—

   (1) which is a separate legal persons, corporate or otherwise, and

   (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

   (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country."

2. Congress clearly intended that commercial entities, such as Olympic Airways, which are owned by foreign states should be afforded the same protections as foreign governments under the Foreign Sovereign Immunities Act. The House Report states:

   "As a general matter, entities which meet the definition of an 'agency or instrumentality of a foreign state' could assume a variety of forms, including a state trading corporation, a mining enterprise, a transport organization such as a shipping line or airline, a steel company, a central bank, an export association, a governmental procurement agency or a department or ministry which acts and is suable in its own name."

tiffs contend that Olympic's third-party status dictates different treatment under § 1441(d), claiming that the right to removal applies only to "defendants" and not "third-party defendants." Thus, the question remains whether the Coopers' impleading of Olympic falls within the language, "[a]ny civil action brought," or whether such language limits removal to a party defending against claims brought by the plaintiff.

The question presented appears to be one of first impression. Although several courts have addressed the issue whether a third-party defendant may remove an action under the "separate and independent claim" removal section, 28 U.S.C. § 1441(c),[3] that section focuses on the *type of claim* brought rather than the *identity of the party* sued. As Professor Moore points out, some courts permit removal by third-party defendants under § 1441(c), and some do not. 1A Moore's Federal Practice ¶ 0.167[10], at 413–20 (2d ed. 1979). Compare *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co.*, 208 F.Supp. 544 (S.D.N.Y.1962) (third-party claim is ancillary to the main action and therefore incapable of supplying federal jurisdiction over main claim), with *President and Directors of Manhattan Co. v. Monogram Assoc., Inc.*, 81 F.Supp. 739 (E.D. N.Y.1949) (removal proper where third-party action states a separate and distinct federal claim). Without passing on whether the third-party action comprises a removable claim under § 1441(c), we proceed on what appears to be the better course: examination of the particular removal section at hand, § 1441(d), to determine the scope of Olympic's rights thereunder.

■ The Supreme Court has offered the following guidance for construing removal statutes:

"Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' *Healy v. Ratta*, 292 U.S. 263, 270 [54 S.Ct. 700, 703, 78 L.Ed. 1248]; see *Kline v. Burke Construction Co.*, 260 U.S. 226, 233, 234 [43 S.Ct. 79, 82, 83, 67 L.Ed. 226]; *Matthews v. Rodgers*, 284 U.S. 521, 525 [52 S.Ct. 217, 219, 76 L.Ed. 447]; cf. *Elgin v. Marshall*, [16 Otto 578] 106 U.S. 578 [27 L.Ed. 249]."

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Thus, strict construction is necessary to reduce the possibility of improper invasion into State court jurisdiction. Yet, this requirement must be balanced against the policy behind § 1441(d) to provide a single forum for all actions against foreign entities. In this regard, the House Report outlines the purpose of § 1441(d):

"In view of the potential sensitivity of actions against foreign states and the importance of developing a uniform body of law in this area, it is important to give

H.R.Rep.No.1487, 94th Cong.2d Sess. 15–16, *reprinted in* [1976] U.S.Code Cong. & Ad.News 6604, 6614. See generally, *Carey v. National Oil Corp.*, 592 F.2d 673 (2d Cir. 1979); *Herman v. El Al Israel Airlines, Ltd.*, 502 F.Supp. 277, 278 (S.D.N.Y.1980).

3. "§ 1441. Actions removable generally

  *  *  *  *  *  *

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

28 U.S.C. § 1441(c).

foreign states clear authority to remove to a Federal forum actions brought against them in the State courts. New subsection (d) of section 1441 permits the removal of any such action at the discretion of the foreign state, even if there are multiple defendants and some of these defendants desire not to remove the action or are citizens of the State in which the action has been brought."

H.R.Rep.No.1487, 94th Cong.2d Sess. 32, *reprinted in* [1976] U.S.Code Cong. & Ad. News 6604, 6631.

■ Where Congress chose to expand the district courts' powers of removal by giving a particular class of parties the right to defend actions in federal court, the policy against undue impingement on State court jurisdiction would seem to defer to the goal of securing uniform treatment of claims against that class. Further, the Court is of the view that a foreign state's right of removal should not be defeated merely because local procedural rules allow third-party pleading rather than requiring defendants to bring suit as ordinary plaintiffs. We thus agree with the court's analysis in *Industrial Lithographic Co. v. Mendelsohn*, 119 F.Supp. 284, 286 (D.N.J.1954):

> "Yet it would not seem consonant with the intent of Congress that the right to have a cause tried before a federal tribunal should be made to depend on the fortuitous nature of the laws of a state relating to third party practice. As the Supreme Court said in *Shamrock Oil & Gas Corp. v. Sheets*, 1941, 313 U.S. 100 at page 104, 61 S.Ct. 868 at page 870, 85 L.Ed. 1214, 'The removal statute which is nation-wide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.'"

The Coopers' claim against Olympic for negligently failing to prevent the alleged assault by its employee could have been brought separately from the main action, and in that circumstance Olympic would have the clear right to remove under § 1441(d). Since that section evinces a congressional intent to afford foreign state defendants a federal forum, we hold that it is not an unwarranted extension into the independent sphere of State government to allow Olympic to remove the action, its third-party status notwithstanding. However, strictly construing the statute so as not to unduly extend our federal judicial power, the Court is of the view that only the third-party complaint comprises a "civil action brought in a State court against a foreign state" under § 1441(d). Main actions are procedurally distinct from third-party claims; a more expansive reading of the statute would not be justified. Therefore, all claims outside the third-party complaint are remanded to the New York Supreme Court, Kings County, for determination of the rights of the parties according to State law.

■ The final loose string which remains to be tied involves the position of Suffolk County, Olympic's co-third-party defendant, in relation to removal. Proceeding on the premise that the third-party complaint is properly removable under § 1441(d), reasoned analysis of the statute appears to require removal of the entire third-party action rather than merely the claim against the foreign state. The legislative history quoted above shows that Congress contemplated multi-defendant actions in which both foreign and non-foreign defendants were joined and intended that the action against *all* defendants would be susceptible to removal at the sole discretion of the foreign state regardless of the non-foreign defendants' desires or jurisdictional citizenship.

The Fifth Circuit, in *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980), has recently held, in a case of first impression, that removal by a foreign state defendant under § 1441(d) operates to remove the entire action against all defendants, foreign and non-foreign alike. Unlike the present situation, *Arango* did not in-

volve a third-party action. Therefore, the reasoning behind *Arango* can be applied to support removal of the entire third-party action without detracting from the Court's decision to remand the main action, because neither the statutory language nor history indicates an intent to allow removal of State claims which are not part of the action against the foreign state. Importantly, when Congress desired to provide for removal of an entire case when only one claim provided a basis for federal jurisdiction, it provided "the entire case may be removed," 28 U.S.C. § 1441(c); whereas, in § 1441(d) the word "case" does not appear, but only the term "action." The language of the statute thus appears to support removal of only that portion of the case which can be fairly characterized as an "action."

As a final note, the Court is of opinion that partial removal will not impede judicial economy, because the issues in the main action are sufficiently distinct from those in the third-party action to preclude duplication of effort. Moreover, since § 1441(d) requires non-jury disposition, and plaintiffs have made a jury demand, segmentation of the entire action would be necessary in federal court. Finally, the action against Olympic and Suffolk County can be stayed pending resolution of the main action in State court. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978).

Accordingly, the Court severs the third-party claims against Olympic Airways and Suffolk County over which it retains jurisdiction, and the remaining claims are remanded for adjudication in the New York Supreme Court, Kings County. Further proceedings on the federal claims are hereby stayed pending disposition of the action in State court.

SO ORDERED.

The Clerk of the Court is directed to forward copies of this memorandum and order to counsel for all parties.