**Stephen MORI, Plaintiff,**

v.

**PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Humphreys & Harding, Inc., and KLM Royal Dutch Air Lines, Defendants.**

**PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and KLM Royal Dutch Air Lines, Third-Party Plaintiffs,**

v.

**Tony NOCITO and the Travelers Indemnity Company, Third-Party Defendants.**

No. 82 Civ. 5669(CES).

United States District Court, S.D. New York.

Feb. 24, 1984.

Fetell & Coen, P.C., Brooklyn, N.Y., for plaintiff.

Condon & Forsyth, New York City, for KLM and Port Authority.

Quirk & Bakalor, New York City, for Humphreys & Harding.

Donald F. Ayers, New York City, for Nocito.

Conway, Farrell, Maloney, Stern, O'Conor & Duignan, New York City, for Travelers.

## MEMORANDUM DECISION

STEWART, District Judge:

Plaintiff Stephen Mori ("Mori") brings this motion seeking to file a jury demand nunc pro tunc pursuant to Fed.R.Civ.P. 39(b) and 81(c). Defendants Port Authority of New York and New Jersey ("Port Authority") and KLM Royal Dutch Airlines ("KLM") oppose the motion on the basis of 28 U.S.C. § 1441(d), the federal removal statute for foreign states, timeliness and convenience.

■ Mori originally filed this action against KLM and Port Authority in New York County Supreme Court on July 2, 1982 for personal injuries allegedly sustained while performing his work at cargo building No. 87 at JFK International Airport. KLM and Port Authority impleaded third-party defendants Tony Nocito ("Nocito") and the Travelers Indemnity Company ("Travelers"). On August 26, 1982, KLM removed the action to this court pursuant to 28 U.S.C. § 1441(d) which allows a foreign state as defined in 28 U.S.C. § 1603[1] to remove any civil action raised in state court

1. Section 1603 Definitions. For purposes of this chapter—
   (a) A 'foreign state' ... includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
   (b) An 'agency or instrumentality of a foreign state' means any entity—...

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof...

to federal district court. Any such action removed to federal court will be tried without a jury.[2] Because KLM is a company and the majority of its shares are owned by The Netherlands, it rightfully removed the original state action to federal court and avoided a jury trial. *See Ruggiero v. Compania Peruana De Vapores, etc.,* 639 F.2d 872, 881 (2d Cir.1981) (affirming and clarifying the meaning of 28 U.S.C. § 1441(d)). Consequently, plaintiff's jury demand as to KLM is denied.

■ By removing this personal injury action, KLM also removed all of the other defendants with it. *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1375 (5th Cir.1980).[3] Although the other parties in this case have been removed with KLM, it does not necessarily follow that the plaintiff will be deprived of a jury trial. The court, in its discretion, may rule on all issues relating to KLM while empaneling a jury for the other defendants. *See Outboard Motor v. Pezetel,* 461 F.Supp. 384, 396 (D.Del.1978) (noting that the legislative history of the Foreign Sovereign Immunities Act ("FSIA") compared 28 U.S.C. § 1330, for actions against a foreign state originally filed in federal court where no jury trial is held, to 28 U.S.C. § 2402, for actions against the United States that also does not provide for a jury trial, where such parallel trials have been used). *See City of Pittsburgh v. United States,* 359 F.2d 564, 568 (3d Cir.1966). *See also Georges v. Hennessey,* 545 F.Supp. 1264, 1266 (E.D.N.Y.1982). Thus, in the case at bar, it is possible to preserve KLM's statutory right to avoid a jury trial and the plaintiff's jury trial demand against the other defendants.

■ However, our analysis does not stop here. Prior to the removal of this action, the plaintiff had not filed any demand for a jury trial. In addition, there was no timely jury demand once this action was removed to federal court.[4] In such circumstances, Fed.R.Civ.P. 81(c) applies. The pertinent part of Rule 81(c) states: "If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs them to do so...." As noted in *Higgins v. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir.1975), the application of this exception to New York practice is not clear, since N.Y.C.P.L.R. § 4102(a) only states that a jury demand must be filed with a "note of issue" without requiring an "express" time-frame. New York law also states that the court may "relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result." N.Y.C.P.L.R. § 4102(e). As stated in *Higgins, id.* at 1007, "We think that this discretionary right

2. Section 1441. Actions removable generally
   ....
   (d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury...

3. The instant case is distinguishable from *Alifieris v. American Airlines, Inc.,* 523 F.Supp. 1189, 1192–93 (E.D.N.Y.1981), in which the court only allowed the removal of the completely different third-party action against the foreign state. The court based its decision upon the different statutory language relating to removed cases: 28 U.S.C. § 1441(c) states that "the entire case may be removed" and 28 U.S.C. § 1441(d) only mentions that "[a]ny civil action ... may be removed." In the case at bar, KLM is a co-defendant with the Port Authority, not a third-party defendant.

4. See Fed.R.Civ.P. 38(b) and (d)
   ....
   (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.
   ....
   (d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

must be read into the language of Rule 81(c); it comports also with Rule 39(b)."[5] *Accord Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 391 (2d Cir.1983).

There are two lines of cases in the Second Circuit that have outlined the appropriate parameters of a court's discretion when applying Rules 39(b) or 81(c). One line of cases holds that a plaintiff cannot be granted an untimely jury demand if his failure was caused by "mere inadvertence". *See Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir.1967). *See also Galella v. Onassis,* 487 F.2d 986, 996 (2d Cir.1973).

The second line of cases offers a number of factors for the court to weigh to determine if the plaintiff's failure was caused by more than mere inadvertence and if the defendants would be prejudiced by a late jury demand: 1) A personal injury case which normally would be tried by a jury, 2) the application of the New York jury trial demand procedure, 3) the parties' belief that the matter would not be a bench trial, 4) the defendants' agreement to a jury request and 5) the lack of prejudice to the defendants if the jury request was granted. *See Higgins v. Boeing Co.,* 526 F.2d 1004 (2d Cir.1975). *See also Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 392 (2d Cir.1983) (the fact that the defendant and not the plaintiff removed the action to federal court minimizes the need to follow "mere inadvertence" test of *Noonan*). *See also Landau v. National R.R. Passenger Corp.,* 97 F.R.D. 723 (S.D.N.Y.1983).

In the case at bar, the plaintiff raises a personal injury claim commonly decided by a jury. Initially, following New York jury trial practice, the plaintiff still had time to file a jury demand. In addition, since the plaintiff's untimely jury demand was submitted soon after the commencement of discovery, the defendants will not be prejudiced. Finally, the defendant, KLM, removed this action to federal court. Consequently, the jury demand is granted as to all defendants other than KLM.

SO ORDERED.

---

**5.** Fed.R.Civ.P. 39(b)

. . . .

(b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.