Vilma LOPEZ DEL VALLE,
et al., Plaintiffs,

v.

GOBIERNO DE LA CAPITAL, et
al., Defendants and Third–
Party Plaintiffs,

v.

BETTERROADS ASPHALT CORP.,
et al., Third–Party Defendants.

Civ. No. 93–1839 GG.

United States District Court,
D. Puerto Rico.

June 23, 1994.

Agrait & Associates, Hato Rey, PR, for plaintiffs.

Reichard & Escalera, San Juan, PR, for defendant Municipality of San Juan.

Pedro A. Jimenez, Hato Rey, PR, for defendant Lagoven, S.A.

Jose Enrique Otero, San Juan, PR, for defendant Betterroads Asphalt Corp.

Ernesto F. Rodriguez Suris, San Juan, PR, for defendant and third party plaintiffs Jose H. Monroig Const. Co. and El Fenix de P.R.

Cuevas Kuilan & Bermudez, Hato Rey, PR, for defendant and third party defendant Chevron Corp.

## OPINION AND ORDER

GIERBOLINI, Senior District Judge.

On June 21, 1993, the plaintiffs, Vilma Lopez del Valle and Juan Mejias Ortiz, filed a tort action against defendants, the Government of the City of San Juan, Monroig Construction Company (hereinafter Monroig), and other unknown parties in the Superior Court of Puerto Rico, San Juan Part, alleging that the defendants' negligence in the

laying down of tar caused Vilma Lopez del Valle a respiratory illness which has left her permanently disabled. Subsequently, defendant Monroig and its insurer, El Fenix de Puerto Rico (hereinafter El Fenix), filed a third party suit against third party defendants Betterroads Asphalt Corp., Lagoven, S.A. (hereinafter Lagoven), and Chevron, also in the Superior Court of Puerto Rico. Third party defendant Lagoven, S.A. then removed the action to this court. Third party plaintiffs Monroig and El Fenix then moved the court to remand this action back to the Superior Court of Puerto Rico. At a status conference held on March 11, 1994, Monroig and El Fenix withdrew their motion to remand. But now they have filed a motion to dismiss the case against them, docket # 17.

We do not understand why Monroig and El Fenix would withdraw their opposition to removal of the whole state action, which included them as parties, only to turn around and file a motion to dismiss which attempts to reach the same end, excluding them from a federal action, and which argues essentially the same points as the motion to remand. We suggest that the parties deliberate more about what actions they take, before they waste the court's' time. By withdrawing their motion to remand and showing no opposition when we explicitly stated at the status conference that we would exercise jurisdiction over this action, Monroig and El Fenix can be understood as waiving any objection to jurisdiction.

Nevertheless, we will address their motion to dismiss, in which Monroig and El Fenix assert that this court has subject matter jurisdiction only over the third party defendant Lagoven and that no independent jurisdiction exists over them. They also argue that if we find that we do have jurisdiction over them, the plaintiffs are not entitled to a jury trial. We do not agree. This court has supplemental jurisdiction over Monroig and El Fenix. In addition, the plaintiffs have a right to a jury trial against all the defendants, except Lagoven. We therefore deny the motion to dismiss.

■ Because our original jurisdiction over Lagoven is the basis of our supplemental jurisdiction over Monroig and El Fenix, we will enter into more detail concerning jurisdiction under the Foreign Sovereign Immunities Act. Lagoven's Notice of Removal was based on the allegation that it is a "foreign state" under the Foreign Sovereign Immunities Act (hereinafter FSIA), 28 U.S.C. Sec. 1602 et seq. Pursuant to Section 1603(a) of that Act, an entity "a majority of whose shares or other ownership interest is owned by a foreign state" is itself considered a "foreign state." Lagoven, S.A. asserts that its "shares are owned by the Republic of Venezuela through the holding company for the nationalized Venezuelan Oil Industry." If Lagoven, S.A. is a "foreign state" under the FSIA, we have jurisdiction over this action pursuant to 28 U.S.C. § 1330(a) which gives federal courts "original jurisdiction ... of any nonjury civil action against a foreign state as defined in section 1603(a) of this title." By withdrawing their motion to remand, Monroig and El Fenix have abandoned their challenge to Lagoven, S.A.'s allegations that it is a "foreign state" within the meaning of the Foreign Sovereign Immunities Act.

Nevertheless, after reviewing the submissions made by Lagoven, we make the independent finding that Lagoven is a foreign state under the FSIA. 28 U.S.C. Sec. 1441(d) provides:

Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without a jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

Lagoven, S.A. has provided the court with various exhibits and a sworn affidavit from Lagoven, S.A.'s General Counsel, Enrique Bottaro Lupi, which show that Lagoven, S.A. is an anonymous society whose stock is completely owned by the nationalized Venezuelan Oil Industry. Although plaintiffs originally challenged Lagoven, S.A.'s claim that it was

36

a foreign sovereign under the FSIA, it withdrew its motion to remand and has not challenged the exhibits and affidavit which Lagoven, S.A. subsequently filed with the court to show its foreign state status. *Compare Deptula v. Derr Flooring Co.,* NO. CIV.A. 90–3857, 1990 WL 96635, *2 (E.D.Pa. Jul. 6, 1990). After reviewing the exhibits and the affidavit, we find that Lagoven, S.A. is a "foreign state" pursuant to 28 U.S.C. Sec. 1603(a) because the Venezuelan government owns a majority ownership interest in Lagoven, S.A. *See Alifieris v. American Airlines, Inc.,* 523 F.Supp. 1189 (E.D.N.Y.1981) (commercial entities owned by foreign states are intended to be afforded same protections as foreign governments under Foreign Sovereign Immunities Act). As such, Lagoven, S.A. may remove the state court action to federal court. *See* 28 U.S.C.A. §§ 1441(d), 1603(a); *Mori v. Port Authority of New York and New Jersey,* 100 F.R.D. 810 (D.C.N.Y. 1984) (where majority of airline company's shares were owned by The Netherlands, it rightfully removed original state action against it to federal court and avoided jury trial).

■ We also find that we have jurisdiction over the whole action, not only the third-party claim. In arguing that we do not have supplemental jurisdiction over Monroig and El Fenix, those parties cite no legal authority, but seem to rely on *Finley v. United States,* 490 U.S. 545, 556, 109 S.Ct. 2003, 2010, 104 L.Ed.2d 593 (1989), in which the Supreme Court stated that "a grant of jurisdiction over claims involving particular parties does not itself confer jurisdiction over additional claims by or against different parties." *Finley* dealt specifically with the Federal Torts Claims Act which the Supreme Court found does not make an affirmative grant of pendant-party jurisdiction. But the Supreme Court recognized that a statute could affirmatively grant pendant-party jurisdiction. *Id.,* 490 U.S. at 552–56, 109 S.Ct. at 2008–11.

We exercise pendant-party jurisdiction because we find that the FSIA affirmatively authorizes it. *See In re Surinam Airways Holding Co.,* 974 F.2d 1255, 1258–60 (11th Cir.1992) (grant of motion to remand reversed; once foreign airline invoked federal jurisdiction by seeking removal of state court action in which it had been named a third-party defendant, district court had jurisdiction over entire civil action and did not have discretion to decide whether to exercise that jurisdiction over only portion of case; district court had discretion whether to remand remaining claims to state court only if it lost jurisdiction over the foreign defendant); *Nolan v. Boeing Co.,* 919 F.2d 1058, 1064–66 (5th Cir.1990) (removal provision of the Foreign Sovereign Immunities Act, which authorizes removal of "any civil action" brought in state court against foreign state, authorizes sovereign third-party defendant to remove entire suit, including main claims, rather than merely third-party claim against sovereign), *cert. denied,* 499 U.S. 962, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991); *Teledyne, Inc. v. Kone Corp.,* 892 F.2d 1404, 1408–10 (9th Cir.1989) (statutory language and legislative history of the FSIA reveal that the FSIA gives foreign states the right to a federal forum, and the right to take non-consenting co-defendants along with them); *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1375–77 (5th Cir.1980) (removal by a foreign state defendant under § 1441(d) operates to remove the entire action against all defendants, foreign and non-foreign alike); *contra Alifieris,* 523 F.Supp. at 1192 (all claims outside the third-party complaint against the foreign state were remanded to state court) and *Admiral Ins. Co. v. L'Union des Assurances de Paris Incendie Accidents,* 758 F.Supp. 293 (E.D.Pa.1991) (same). As the Court of Appeals for the Eleventh Circuit states in *Surinam Airways,* 974 F.2d at 1259, the phrase "any civil action" in 28 U.S.C. Sec. 1441(d) "was clearly meant to grant removal jurisdiction over more than just the 'claims' asserted against a foreign state." *Surinam Airways* quotes legislative history from the House Judiciary Committee, which states:

subsection (d) of section 1441 permits the removal of any such action [against a foreign state], even if there are multiple defendants and some of these defendants desire not to remove the action or are citizens of the State in which the action has been brought.

*Id.,* at 1259, *quoting,* H.R.Rep. No. 1487, 94th Cong., 2d Sess. 32, 1976 U.S.Code Cong. & Admin.News, 6604, 6631. We agree with *Surinam Airways,* that when a foreign state removes a state action to federal court removal jurisdiction is not limited to the foreign state, but covers all the claims and all the parties in the action. *Id.,* at 1258–59.

Furthermore, *Finley* has been overruled by 28 U.S.C. Section 1367(a), which expressly allows pendent-party jurisdiction. That statute states:

> [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Monroig and El Fenix, in their motion to dismiss, have already admitted that we have original jurisdiction over Lagoven. In the proceeding paragraphs, we have explained why we have original jurisdiction over Lagoven. Even if the FSIA did not affirmatively grant jurisdiction over pendent-parties, we could exercise such jurisdiction pursuant to 28 U.S.C. § 1367(a) because the claims against Monroig and El Fenix form part of the same case or controversy as the claims against Lagoven. Therefore, we will exercise pendent-party jurisdiction both under the affirmative grant made by the FSIA and under the supplemental jurisdiction statute.

■ In addition, we accept Lagoven, S.A.'s late filing of the notice of removal. Lagoven, S.A. indicates that it filed the notice of removal late because it had to contact the in-house General Counsel for Lagoven, S.A. in Caracas, and conduct research on Venezuelan law to ascertain whether Lagoven, S.A. was in fact a "foreign sovereign" under FSIA. We find that Lagoven, S.A.'s explanation is sufficient cause for the late filing. *Compare Tennessee Gas Pipeline Co. v. Continental Cas. Co.,* 814 F.Supp. 1302 (M.D.La. 1993) (removal considered timely although it occurred three months after suit was filed in state court because removal notice was de-

layed by party's need to investigate suit and facts concerning service of process).

Remaining now is the question of the plaintiffs' entitlement to a jury trial. The claims against Lagoven will be tried to the bench and the claims against the other defendants will be tried to a jury. *See Matthews v. CTI Container Transport Intern. Inc.,* 871 F.2d 270, 273–74 (2nd Cir.1989) (claims against foreign sovereign were tried to the bench and claims against other defendants were tried to a jury).

**SO ORDERED.**