**CONSUMERS ENERGY COMPANY,**
Plaintiff,

v.

**CERTAIN UNDERWRITERS
AT LLOYD'S LONDON,**
et al., Defendants.

No. 98–74779.

United States District Court,
E.D. Michigan,
Southern Division.

March 19, 1999.

James E. Brunner, Consumers Power Company, Legal Department, Jackson, MI, Paul L. Schroeder, Jeffrey G. Close, Jones, Day, Chicago, IL, J. W. Montgomery, III, Charles H. Moellenberg, Jr., Jones, Day, , Lester O. Brown, Jones, Day, Los Angeles, CA, for Plaintiff.

Jack O. Kalmink, Cross Wrock, Detroit, MI, for Defendant Icarom.

Roger E. Warin, Anita G. Fox, Steptoe & Johnson, Washington, DC, for Defendant Home Ins. Co.

Ronald W. Rice, Rice, Galin, Southfield, MI, for Defendant Fireman's Fund Ins. Co.

David L. Harrison, Tolley, Vandenbosch, Grand Rapids, MI, for Defendant Yosemite Ins. Co.

Richard B. Poling, Jr., Poling, McGaw, Troy, MI, for Great Southwest Fire Ins. Co.

Philip A. Erickson, Thrun, Maatsch, Lansing, MI, for Intern. Ins. Co.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND SCHEDULING CERTAIN DATES

EDMUNDS, District Judge.

This matter comes before the Court on Plaintiff's motion to remand. This case involves a declaration of coverage for environmental contamination costs, filed by Consumers Energy Company against its insurers. The amended complaint named ICAROM, a foreign state, as a Defendant. ICAROM removed the case to federal court under the removal provision of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1441(d). Although the Plaintiff eventually dismissed ICAROM with prejudice, three of the Defendant-insurers filed cross-claims against the foreign state. The Plaintiff has filed a motion to remand its state law claims. As the discussion below will reveal, this Court has jurisdiction over this entire case pursuant to 28 U.S.C. § 1441(d). Further, to the extent that the exercise of supplemental jurisdiction is discretionary in this context, this Court declines to exercise its discretion, as more fully set forth below. Accordingly, the Plaintiff's motion to remand is DENIED.

### I. Procedural Background

This lawsuit was filed by Consumers Energy Corporation, (Consumers) against its insurers in Jackson County Circuit Court on May 5, 1998. The complaint seeks recovery of costs and a declaration of coverage for approximately $100 million in environmental contamination costs at various gas plants operated by Consumers. The suit involves sixty-two insurance policies, spanning from 1936 through 1972. Although there is a dispute concerning how many sites the complaint purports to cover, it covers somewhere between 4 and 34 different sites throughout Michigan. The complaint does not state any claim based on federal law.

The initial Defendants, named in the original complaint, are Consumers' insurers, namely, Certain Underwriters at Lloyd's London, The Home Insurance Co., Fireman's Fund Insurance Co., North Star Reinsurance Corp., Yosemite Insurance Co., Great Southwest Fire Insurance Co. ("Great Southwest") and International Surplus Lines Insurance Co. ("ISLIC").

On September 29, 1998, in a move it likely regrets, Consumers filed an amended complaint adding ICAROM as an additional Defendant. ICAROM, formerly known as "The Insurance Company of Ireland," is wholly owned by the Irish government. ICAROM qualifies as a "foreign state" as that term is defined in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602–1611. *See* Opinion and Order Denying American Re Insurance Company's Motion to Dismiss and Finding Proper Subject Matter Jurisdiction, *Aetna Casualty & Surety Co. v. Dow Chemical Co.,* 44 F.Supp.2d 870 (E.D.Mich.1999) (Edmunds, J.). *See also, In re Texas Eastern Transmission Corp. PCB Coverage Litigation,* 15 F.3d 1230, 1238 n. 8 (3d Cir.1994); *Board of Trustees of the Univ. of Illinois v. Insurance Corp. of Ireland, Ltd.,* 969 F.2d 329, 330 n. 1 (7th Cir.1992).

On November 4, 1998, Home Insurance Co. (Home), filed a cross-claim against ICAROM in state court for contribution. On November 5, 1998, ICAROM removed the entire action to federal court based on 28 U.S.C. § 1441(d), which allows a foreign state to remove "any civil action brought in a state court against a foreign state." 28 U.S.C. § 1441(d).

Subsequent to removal, two other insurance companies filed cross-claims against ICAROM. Great Southwest filed its cross-claim on November 18, 1998. Likewise, ISLIC filed its cross-claim on November 19, 1998. Both cross-claims are based upon "other insurance clauses" and seek declaratory rulings regarding the rights and obligations of ICAROM in relation to Great Southwest and ISLIC.

On November 20, 1998, Consumers voluntarily dismissed ICAROM with prejudice as a Defendant in the main action pursuant to Fed.R.Civ.Pro. 41(a)(1)(i). Consumers filed a motion to remand on December 4, 1998. Following a review of the briefs, this Court ordered the parties to show cause regarding (1) whether diversity jurisdiction existed between the parties pursuant to 28 U.S.C. § 1332; and (2) whether there was an independent legal basis for the cross-claims against ICAROM in light of Consumers' dismissal of ICAROM with prejudice.

A review of the briefs filed in response to the Court's show cause order reveals that while the parties to this action meet the diversity of citizenship requirements for diversity jurisdiction,[1] the $75,000 amount in controversy requirement cannot be met by at least three London Market insurance companies, namely, British Aviation Insurance Company, Ltd., Spere Drake Insurance Co., and Swiss National Insurance Co. Ltd. of Basle. (*See* London Market Insurers' Submission Regarding

---

1. The citizenship and principle places of business of the parties breakdown as follows:

| | Party | Place of Incorporation | Principle Place of Business |
|---|---|---|---|
| Plaintiff: | Consumers Energy Company | Michigan | Michigan |
| Defendants: | Lloyd's of London Underwriters | England | England |
| | London Market Insurance Cos. | England | England |
| | ICAROM | Ireland | Ireland |
| | Home Insurance Company | New Hampshire | New York |
| | Fireman's Fund Insurance Co. | California | California |
| | Yosemite Insurance Company | California | Indiana |
| | Great Southwest Fire Ins. Co. | Arizona | Missouri |
| | International Surplus Lines Ins. Co. | Illinois | Illinois |

Diversity Jurisdiction at pg. 2) Further, Consumers has not pled, nor contended that diversity jurisdiction exists. Therefore, for the purposes of this motion, the Court will assume that there is no diversity jurisdiction over this matter.

## II. Jurisdiction Existed at the Time of Removal

At the time this action was removed to federal court, there was federal jurisdiction. The action was removed by ICA-ROM on November 5, 1998 pursuant to 28 U.S.C. § 1441(d), the removal jurisdiction provision of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602–1611. Section 1441(d) reads:

> Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(d).

■ As this Court has held in the context of another lawsuit, ICAROM is a foreign state as that term is defined in the FSIA because ICAROM is 100% owned by the Republic of Ireland. *See* Opinion and Order Denying American Re Insurance Company's Motion to Dismiss and Finding Proper Subject Matter Jurisdiction, *Aetna Casualty & Surety Co. v. Dow Chemical Co.*, 44 F.Supp.2d 870 (Edmunds, J.); *see also, Liberty Mutual Ins. Co. v. Ins. Corp. of Ireland*, 693 F.Supp. 340 (W.D.Pa.1988) (Republic of Ireland owns majority of Insurance Corporation of Ireland and thus it

qualifies as a foreign state); Declaration of Brendan Murphy at 2.[2]

Under 28 U.S.C. § 1447(c), which discusses procedure in the context of removal cases, if at any time this Court loses subject matter jurisdiction over a removed action, the case must be remanded. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As discussed below, this Court has jurisdiction under both § 1441(d) and § 1367(a).

## III. Scope of Removal Jurisdiction Under the Foreign Sovereign Immunities Act

The question to be determined in this case is whether the removal provision of the Foreign Sovereign Immunities Act (FSIA) allows this Court to exercise pendant party jurisdiction over claims over which it would not otherwise have subject matter jurisdiction. If the Court finds that § 1441(d) does not provide for pendant party jurisdiction, the inquiry is at an end, and the remaining pendant state claims must be remanded. 28 U.S.C. § 1447(c). If, on the other hand, the Court decides that § 1441(d) does confer pendant party jurisdiction over the non-federal claims, the Court must decide whether the exercise of that jurisdiction is mandatory or discretionary.[3] If it is mandatory, the entire case will remain in this Court. If it is discretionary, the Court may decide to remand the pendant state law claims and retain jurisdiction over the cross-claims involving ICAROM. With

---

**2.** Consumers asks the Court to refrain from reaching the question of ICAROM's foreign state status for purposes of this motion, arguing that the motion is not ripe for adjudication. The Court does not see how the determination of ICAROM's status can be avoided for purposes of this motion, especially when the only basis for federal jurisdiction are the cross claims that have been asserted against the alleged foreign state. Indeed, there would have been no basis for removal jurisdiction at all, but for the existence of ICA-

ROM and its ability to invoke the Foreign Sovereign Immunity Act's removal provision, § 1441(d).

**3.** At least one Circuit has held that once a case is properly removed pursuant to § 1441(d), there is no discretion to remand any remaining pendent claims but that the exercise of jurisdiction over the pendent claims is mandatory. *In re Surinam Airways*, 974 F.2d 1255 (11th Cir.1992).

this analytical roadmap in mind, we look to other cases dealing with the scope of the FSIA's removal provision for guidance.[4]

## A. Courts Split on Scope of Removal Jurisdiction Under § 1441(d)

The FSIA's jurisdictional provision states:

The district courts shall have original jurisdiction without regard to amount in controversy of a nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity.

28 U.S.C. § 1330(a).

■■■ As discussed previously, ICA-ROM qualifies as a foreign state under the FSIA as it is 100% owned by the Irish government. *See supra* p. 603. Immunity under the FSIA has been called the rule and not the exception. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989). While the Act generally preserves immunity from suit, it grants federal jurisdiction when a foreign state waives immunity or engages in commercial activity. *Amerada Hess*, 488 U.S. at 434 n. 1, 109 S.Ct. 683. The district court must make a finding that immunity does not apply before asserting jurisdiction in such a case. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494, n. 20, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983). The Court assumes the commercial exception applies here. *Cf.* 28 U.S.C. § 1605(a)(2); *see also,* Opinion and Order Denying American Re Insurance Company's Motion to Dismiss and Finding Proper Subject Matter Jurisdiction, *Aetna Casualty & Surety Co. v. Dow Chemical Co.*, 44 F.Supp.2d 870, order dated 3–17–99, at 19 (Edmunds, J.).

The FSIA's removal provision provides:

Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury.

28 U.S.C. § 1441(d).

Courts interpreting this language have reached conflicting conclusions regarding the proper scope of removal. The majority view is that the statute authorizes removal jurisdiction over the entire case, even if there are nonsovereign defendants. *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 333 (7th Cir.1995). For cases holding that § 1441(d) grants pendent party jurisdiction, see *In re Air Crash Disaster Near Roselawn Indiana*, 96 F.3d 932 (7th Cir. 1996) (foreign sovereign third-party defendant may remove entire case to federal court, not just third-party claims against it); *In re Surinam Airways Holding Co.*, 974 F.2d 1255 (11th Cir.1992) (holding that once the foreign defendant invoked federal jurisdiction by seeking removal, the district court had jurisdiction over both the third-party claims and the main claims, and district court lacked discretion whether to exercise that jurisdiction once it determined removal was properly invoked); *Chuidian v. Philippine National Bank*, 912 F.2d 1095 (9th Cir.1990) (when case is removed by foreign sovereign, federal court has jurisdiction over entire suit even where parties are not diverse and underlying claims do not present federal question); *Nolan v. Boeing Co.*, 919 F.2d 1058 (5th Cir.1990), *cert. denied,* 499 U.S. 962, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991) (foreign sovereign may remove entire suit, not merely third-party claim against sovereign); *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404 (9th Cir.1989) (same); *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d

---

**4.** The district court's opinion in *In re Aircrash Disaster Near Roselawn*, 909 F.Supp. 1083 (N.D.Ill.1995), *aff'd,* 96 F.3d 932 (7th Cir. 1996), provides an excellent framework for the analysis of this issue. This Court models its analysis after the discussion in that case.

1371 (5th Cir.1980) (when foreign sovereign invokes removal statute, entire case is removed); *Lopez del Valle v. Gobierno de la Capital,* 855 F.Supp. 34 (D.Puerto Rico 1994) (same).

The Sixth Circuit has not squarely addressed the issue before the Court. It did, however, mention *Arango v. Guzman Travel Advisors Corp.* in a preliminary discussion of jurisdiction in a case which held that a forum selection clause did not result in waiver of the right of a foreign sovereign to remove a case to federal court under § 1441(d). *See In re Delta America Re Insurance Co. v. National Distillers & Chemical Corp.,* 900 F.2d 890 (6th Cir. 1990). There, the Sixth Circuit noted, "We need not address [the issue of removal jurisdiction based on diversity] since if the section 1441(d) removal by [the foreign entity] was proper, the entire action against all defendants is removed to federal court." *Id.* at 891, n. 1. Therefore, the Sixth Circuit assumed the majority rule applied.

The minority view is that the FSIA does not confer pendent party jurisdiction over claims that do not otherwise qualify for federal jurisdiction. *Schlumberger Indus. Inc. v. National Sur. Corp.,* 36 F.3d 1274 (4th Cir.1994) (holding that § 1330(a) does not authorize pendent party jurisdiction over additional parties after the foreign sovereign has been dismissed); *see also, Alifieris v. American Airlines, Inc.,* 523 F.Supp. 1189 (E.D.N.Y.1981) (holding that only the third-party complaint is removed and other claims should be remanded to state court).

The arguments for and against exercising pendent party jurisdiction in the context of the FSIA's removal provision have been thoroughly set forth in the above mentioned opinions. The Court will therefore discuss representative cases.

### 1. Majority View: Section 1441(d) Confers Pendent Party Jurisdiction

The Fifth Circuit follows the majority view. It addressed the scope of removal under § 1441(d) in *Nolan v. Boeing Co.,* 919 F.2d 1058 (5th Cir.1990), *cert. denied,* 499 U.S. 962, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991). In *Nolan,* sixteen personal injury suits were filed in state court following an air plane crash. The defendants were the manufacturer of the aircraft, the designer and manufacturer of the aircraft's engines, and a firm that marketed the plane's engines. One of the defendants, Boeing, filed a third-party complaint against Societe Nationale d'Etude et de Construction de Moteurs d'Aviation, S.A., (SNECMA), an entity owned by the French government and responsible for manufacturing the plane's engines. The Plaintiffs did not sue SNECMA.

SNECMA, as a third-party defendant, removed the sixteen suits to federal court under § 1441(d). The plaintiffs moved to remand the case, arguing that SNECMA was allowed to remove the third-party claims, not the entire action. The district court disagreed and denied the motion to remand. The Fifth Circuit affirmed.

The Fifth Circuit framed the issue as one of "pendent party jurisdiction," i.e., assuming that removal of the third-party claims was proper, did the district court have pendent jurisdiction over the underlying action. The court looked to the recently-decided *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) which held that there is no pendent party jurisdiction under the Federal Tort Claims Act (FTCA).[5] Subsequent to *Nolan,* Congress overruled *Finley* by enacting the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), which specifically extends federal jurisdiction to pendent claims.[6] Therefore *Nolan's* discussion of

---

5. Although it relied on *Finley* as the starting point for its analysis, the court ultimately rejected the holding of *Finley* in the FSIA context.

6. The statute reads: "[I]n any civil action of which the district courts have original jurisdiction, the district court's shall have supplemental jurisdiction over all other claims that

*Finley* is now irrelevant. Nevertheless, *Nolan's* remaining analysis of the issue is instructive.

■ The *Nolan* Court first determined that the Constitution allowed the district court to adjudicate the underlying claims because the parties possessed "minimal diversity." Minimal diversity is all that the constitution requires. *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). "Thus, as long as any two adverse parties are not co-citizens, the Constitution poses no obstacle to the federal courts' exercise of subject matter jurisdiction." *Nolan,* 919 F.2d 1058, 1063. *Accord, Teledyne, Inc. v. Kone Corp.,* 892 F.2d 1404, 1408 (9th Cir. 1989) (existence of minimal diversity obviated any constitutional objection to federal court jurisdiction over pendent party claim in the context of FSIA removal). The parties here are minimally diverse.

After deciding there was no constitutional impediment to the exercise of jurisdiction, the court turned to the question of whether Congress authorized the exercise of jurisdiction. The court recognized, "The provisions of Article III specify only the outer limits of federal subject matter jurisdiction. Within those limits, however, the federal courts are authorized to hear only those cases that Congress by statue authorizes them to hear." *Nolan,* 919 F.2d at 1064. The question becomes one of statutory construction.

The language and legislative history of § 1441(d) lead to the conclusion that Congress did not intend for removal jurisdiction to be limited to a subset of claims, but rather to the entire controversy. *In re Surinam Airways Holding Co.,* 974 F.2d 1255, 1258–59 (11th Cir.1992). First, the language of section 1441(d) grants jurisdiction over "any civil action" not just over "claims." As the *Nolan* court noted, "This language is broad enough to extend federal court subject matter jurisdiction over the

entire action in which the foreign state is a party rather than simply over the 'claims' in that action which are specifically asserted against the foreign state." *Nolan,* 919 F.2d at 1064.

Second, the purpose and structure of the removal statute lead to the same conclusion. Congress passed the FSIA in 1976 to establish a statutory standard defining when foreign states and their instrumentalities could be haled into the U.S. courts. *In re Air Crash Disaster Near Roselawn, Indiana,* 96 F.3d 932, 936 (7th Cir.1996). One of the central purposes of the Act was to establish uniformity in actions involving foreign states. *Nolan,* 919 F.2d at 1065. "Assuring the availability of a federal forum was intended to further these goals, to which a broad removal provision contributed." *Id.*

The *Nolan* Court recognized that uniformity in the context of cases involving foreign sovereigns would be undermined if only the third-party claims were removed:

> [T]he interest of a sovereign third-party defendant in removing the entire case may be more compelling [than that of a foreign sovereign named as a co-defendant where courts have held that the entire action may be removed], because its liability is logically dependent on the liability of a defendant in the main action. To protect itself fully, a third-party defendant like SNECMA could be called on to assert defenses on behalf of Boeing ... The outcome of the main suit very much affects SNECMA's rights.

*Id.* at 1065, footnote omitted; *Accord, In re Surinam Airways,* 974 F.2d at 1259.

The legislative history of § 1441(d) also supports a broad interpretation of the scope of removal. In the section by section analysis of the FSIA, the House Report stated:

> In view of the potential sensitivity of actions against foreign states ... it is important to give foreign states clear

are so related to claims in the action within such original jurisdiction that they form part

of the same case or controversy under Article III.." 28 U.S.C. § 1367(a).

authority to remove to a Federal forum an action brought against them in the State courts. New subsection (d) of section 1441 permits the removal of *any such action at the discretion of the foreign state, even if there are multiple defendants and some of these defendants desire not to remove the action or are citizens of the State in which the action has been brought.*

H.R. No. 9401487, 94th Cong.2d Session 32, reprinted in 1976 U.S.Code Cong. & Admin, News 6604, 6631 (emphasis added).

As the *Nolan* court noted, "By focusing on 'actions' rather than 'claims,' the Committee Report reinforces the view that the FSIA grants federal jurisdiction over entire cases where a foreign state is a party." *Nolan,* 919 F.2d at 1065. *Accord, Teledyne,* 892 F.2d at 1409. Also, other portions of the legislative history reiterate that 1441(d) jurisdiction extends to *"cases involving foreign states."* 1976 U.S.Code Cong. & Admin.News 6604, 6610–11 (emphasis added). Courts have placed much emphasis on Congress' use of the word "cases" instead of the word "claims."

Further, the Ninth Circuit in *Teledyne, Inc. v. Kone Corp.,* 892 F.2d 1404 (9th Cir.1989) relied heavily on the fact that the FSIA was drafted well after the concept of pendent claim jurisdiction was enunciated by the Supreme Court in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). From this, the *Teledyne* Court drew the conclusion that Congress made intentional use of the phrase "civil action" in the FSIA, aware that it would be interpreted to mean the "entire case."

In addition to the language of 1441(d), the *Nolan* court cited numerous cases in the context of other special removal provisions which have been consistently interpreted to allow for the removal of entire actions by third-party defendants. For example, in *Spencer v. New Orleans Levee Board,* 737 F.2d 435, 437 (5th Cir.1984), the Court held that 28 U.S.C. § 1442(a)(1), which authorizes removal of a "civil action"

by a federal officer or agency sued in state court, allows the officer or agency to remove the "entire case" to federal court, even though the officer or agency may only be third-party defendants. *See also, Johnson v. Showers,* 747 F.2d 1228, 1229 (8th Cir.1984); *IMFC Prof. Servs. v. Latin Amer. Home Health, Inc.,* 676 F.2d 152, 158 (5th Cir.1982). *Cf. In re Jenkins Clinic Hospital Foundation, Inc.,* 861 F.2d 720, 1988 WL 114807, *4 (6th Cir.1988) (unpublished).

The *Nolan* Court summarized its holding as follows, "We conclude that when a third-party defendant avails itself of removal jurisdiction under section 1441(d), at least where minimal diversity exists between the parties to the main claims, it removes not just the third-party claims but the main claims as well." *Nolan,* 919 F.2d 1058, 1066 (5th Cir.1990).

The Eleventh Circuit reached the same conclusion in *In re Surinam Airways,* 974 F.2d 1255 (11th Cir.1992). After adopting the reasoning of *Nolan,* and holding that removal under 1441(d) removed the entire action, the court went on to say that the exercise of pendent jurisdiction is not discretionary so long as there are claims against a foreign sovereign remaining in the case. *In re Surinam Airways,* 974 F.2d at 1260. The court explained that such discretion to remand the main claims would undermine the purpose of the removal statute: "Allowing the district court discretion to remand part of a case involving a sovereign foreign defendant would defeat Congress' intent to grant foreign sovereigns the absolute right to defend civil actions against them in federal court." *Id.* The court noted that the only time when the district court has discretion to remand pendent claims is when all claims against the foreign sovereign are dismissed. "Thus, if all the third-party claims against Surinam Airways are dismissed, then the district court may decline to exercise jurisdiction over the claims involving only non-sovereign defendants."

*Id.*[7], citing *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (discussing federal court discretion to decline jurisdiction over pendent state law claims after federal law claims are dismissed). *Accord*, Jonathan Remy Nash, *Pendent Party Jurisdiction Under the Foreign Sovereign Immunities Act*, 16 B.U.Int'l L.J. 71 (1998).

### 2. Minority View: 1441(d) Does Not Authorize Pendent Party Jurisdiction

In contrast to *Nolan, Teledyne,* and *In re Surinam Airways,* the Fourth Circuit has construed the scope of removal jurisdiction under § 1441(d) more narrowly in *Schlumberger Industries, Inc. v. National Surety Corp.*, 36 F.3d 1274 (4th Cir.1994). While the court in *Schlumberger* primarily based its holding on the FSIA's original jurisdiction provision, 28 U.S.C. § 1330(a), in holding that the Act does not confer pendent party jurisdiction over non-foreign state co-defendants, it also based its holding in the alternative on an interpretation of § 1441(d) and reached the same conclusion. To the extent that *Schlumberger* relies on § 1330(a) it is not necessarily inconsistent with the majority view. However, because the court elected to rest its holding, in part, on the removal provision, and because the facts of *Schlumberger* most closely mirror those at issue here, a thorough analysis of *Schlumberger*'s reasoning is necessary. A close examination of the case reveals that it is unpersuasive.

In *Schlumberger*, the plaintiff brought a declaratory judgment action in state court against several insurance companies that had issued it liability policies. The suit sought a determination of rights and responsibilities in connection with environ-

mental clean-up costs incurred by the plaintiff. There was not complete diversity between the parties. However, one of the defendants, The Insurance Company of Ireland ("ICI") (now know as ICAROM) removed the case to federal court pursuant to § 1441(d). Following removal, the plaintiff voluntarily dismissed ICI and moved to remand the case for lack of federal subject matter jurisdiction. There is no mention of any other claims that were pending against ICI at the time it was dismissed from the *Schlumberger* case. That is an important distinction between the facts of *Schlumberger* and the facts at hand because in the case here there are viable cross-claims pending against ICAROM, even though they are no longer a Defendant to the main action.

The district court in *Schlumberger* denied the motion to remand the suit. The case proceeded, resulting in summary judgment in favor of the defendants. Plaintiff appealed the summary judgment decision and the Fourth Circuit raised the issue of subject matter jurisdiction sua sponte. The court noted that because no other jurisdictional basis for the main claims existed without ICAROM, the district court lacked pendent party jurisdiction under *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

The court began by analyzing the jurisdictional query in terms of whether the district court would have had original jurisdiction over the case under § 1330(a). The court followed a statement in *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972), that "where after removal a case is tried on the merits without objection and the

---

**7.** Judge Cox dissented from this portion of the opinion, arguing that in actions removed under § 1441(d) the district court has discretion to remand pendent-party claims based on *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Gibbs* held that the exercise of pendent jurisdiction is a doctrine of discretion. Judge Cox noted that nothing in the FSIA indicates that "Con-

gress also intended to give the foreign defendant an absolute right to have pendent-party claims heard in a federal forum. Neither § 1441(d) ... nor its ... history indicate that established principles of pendent jurisdiction do not apply in this context." *In re Surinam Airways*, 974 F.2d 1255, 1262 (Cox, J., dissenting).

federal court enters judgment, the issue in subsequent proceedings and on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Id.* at 702. In this respect the posture of *Schlumberger* is much different than the posture of the case here because the case before the Court has not proceeded to judgment.

The *Schlumberger* Court discussed the language of § 1330(a) and noted that its wording extended jurisdiction only over claims against foreign sovereigns. That section grants original jurisdiction to federal courts over "any nonjury civil action against a foreign state ... as to any *claim* for relief in personam with respect to which the foreign state is not entitled to immunity." 28 U.S.C. § 1330(a). The court compared this language to the language of the FTCA discussed in *Finley*, found it to be indistinguishably similar, and concluded that the language "extends subject matter jurisdiction only as to claims brought against a foreign sovereign and not to claims against other parties." *Id.* at 1280. In support of its conclusion, the court also pointed to supporting statements from the Judiciary Committee's analysis of § 1330(a).

Had the *Schlumberger* Court stopped there, it would have little impact on the issue before the Court in the instant case. However, the court went on to address why it would reach the same conclusion under the removal provision of the statute, § 1441(d). The court initially noted that perhaps jurisdiction under § 1330(a) is coextensive with jurisdiction under § 1441(d). Under these circumstances, the court's analysis of § 1330 dictates the same conclusion under § 1441(d) that no pendent party jurisdiction exists.

After pointing out the possibility of coextensive jurisdiction, the court's opinion becomes equivocal at best. The court nearly concedes that removal jurisdiction under the statute is broader than the origi-

nal jurisdiction provision. "With respect to the FSIA, several factors suggest that Congress intended removal jurisdiction to be broader than original jurisdiction and to confer some form of pendent party jurisdiction." *Id.* at 1282, n. 17. The court comes to the somewhat abrupt conclusion—amid several lengthy footnotes that cast doubt on the court's conclusion—that "Even if ... jurisdiction under section 1441(d) is broader than that under 1330(a) and allows, in appropriate cases, for some form of pendent party jurisdiction, we think the district court's exercise of pendent party jurisdiction here was without basis." *Id.* at 1282–83. The court reasoned that remand was mandated because no federal policy would be served by keeping the case in federal court, given that ICI had been dismissed from the suit entirely. The court limited its holding to the facts before it.

For a variety of reasons, *Schlumberger*'s analysis is questionable in light of the developments in the law since it was decided. First, *Schlumberger* was expressly decided under *Finley*, which has now been legislatively overruled by the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). The *Schlumberger* Court stated, "We now consider the vitality of pendent party jurisdiction under the FSIA in *Finley*'s wake." *Id.* at 1297. Also, in footnote 9, the court pointed out that the then newly enacted § 1367(a) did not apply because the case was filed prior to the effective date of the supplemental jurisdiction statute.

Further, the primary basis for the *Schlumberger* Court's conclusion was an analysis of § 1330(a), which is not directly at issue here. And, to the extent that *Schlumberger* discussed § 1441(d), the court comes close to conceding that jurisdiction under § 1441(d) is broader and that Congress probably intended there to be pendent party jurisdiction under that section. *Id.* at 1282, n. 17.

Lastly, the court limited its own holding to the facts before it. The only basis

for federal jurisdiction in *Schlumberger* was the existence of ICI in the suit. Once ICI was dismissed, the court lost all jurisdictional authority. *Schlumberger* is different from our case in that respect. Although in our case ICAROM was dismissed by Consumers, ICAROM was dismissed after removal and after viable cross-claims had been filed against it. Therefore, ICAROM is still present in the suit before the Court.

### B. Jurisdiction Exists in the Case Before the Court

 Based on the foregoing discussion, there is ample authority for the conclusion that federal jurisdiction exists in this case. There was federal jurisdiction when the case was removed, and jurisdiction has not been destroyed by Consumers' decision to dismiss ICAROM from the main action. As the court in *In re Surinam Airways* held, this Court has discretion to remand a portion of the case only where the basis for federal jurisdiction is lost. The pending cross-claims against ICAROM keep the foreign entity in this action. Therefore, as jurisdiction over the foreign defendant has not been lost, this Court retains the jurisdiction it had at the time the action was removed. The Court lacks discretion whether to remand the remaining pendent claims. *In re Surinam Airways,* 974 F.2d 1255, 1259–60.

Even if this Court were to assume that the exercise of jurisdiction over the state law claims is discretionary in this context, the Court declines to exercise its discretion to remand. The Court finds that in the interest of efficiency and judicial economy, the claims are better tried in one action. Not only should the parties not have to try the same issues twice, but there is a risk of inconsistent outcomes if part of the case is remanded and part of the case remains here. Also, in the insurance context, the issues involving the rights, liabilities, and obligations of the parties undoubtedly overlap to a significant extent. Therefore, the Court is not concerned with the fact that the cross-claims against ICAROM involve only a small portion of the overall lawsuit. Finally, to retain jurisdiction over the cross-claims while remanding the state claims would undercut the very purpose of the FSIA removal provision. Congress intended to "create a uniform body of law (and minimize potential international friction) by establishing federal courts as the preferred forum for cases involving foreign states." House Report, 1976 U.S.S.C.A.N. at 6631; *In re Air Crash Disaster Near Roselawn, Indiana,* 96 F.3d 932, 942 (7th Cir.1996).

### IV. Conclusion

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders as follows:

The Plaintiff's motion to remand is DENIED.

IT IS FURTHER ORDERED THAT a hearing on the London Market Insurers' motion for leave to file an amended answer will take place on Monday, March 22, 1999 at 9:00 AM. Following the hearing, the Court will conduct a scheduling conference.

IT IS SO ORDERED.